LOTTINGER, Judge.
This case is before the Court on an appeal from a judgment rendered by the Twenty-second Judicial District Court for the Parish of St. Tammany in favor of petitioner, Mrs. Nina T. True, and against defendants, Robert Leroy McDonald, United States Fidelity and Guaranty Company, and Potashnick Construction Company, Inc. (hereinafter called “Appellants”). Continental Casualty Company (hereinafter called “Continental”) was also a defendant in this suit but petitioner’s suit was dismissed insofar as Continental was concerned.
A third party petition was filed against Continental by the Appellants in the Lower Court. In its judgment the Lower Court made no mention of the third-party demand, but merely dismissed petitioner’s suit against Continental.
Appellants took an appeal maintaining that they “ * * * are aggrieved by the Judgment herein read, rendered and signed on June 28, 1963, in favor of plaintiff in that said Judgment is contrary to the law and the evidence and that petitioners therefore desire to appeal therefrom suspensively and devolutively to the Court of Appeal, First Circuit, State of Louisiana.” Nowhere in their petition for appeal do the appellants specifically set out their intention of making Continental a party to the appeal. The petitioner has answered the appeal asking for an increase in quantum, however, in the answer the petitioner does not specifically set out that it was aggrieved by the dismissal of its suit as against Continental. Continental has now filed a motion asking that the appeal be dismissed insofar as it is concerned.
The silence of the Judgment of the Lower Court insofar as the third party action against Continental must be treated as an absolute rejection or dismissal of the demand against Continental. Succession of Foster, 240 La. 269, 122 So.2d 96; Edenborn v. Blackshear, 148 La. 296, 86 So. 817. Inasmuch as the silence is to be treated as a dismissal of the action against Continental, we now have before us *396 a situation which is similar to that presented to Court in Vidrine v. Simoneaux, La.App., 145 So.2d 400. In the Vidrine case a tort action was filed arising out of a motor vehicle collision in which there were more than one defendant, or solidary obligors. The Lower Court rendered judgment against defendant Simoneaux, however, determined that defendant Stelly was not liable, and dismissed the suit as against Stelly. Simoneaux appealed seeking to have the judgment reversed insofar as it dismissed the suit against his co-defendant, Stelly. The petitioner answered the appeal seeking an increase in quantum. In that case, with regard to the question which is presently before us, the Court of Appeal, Third Circuit, held as follows:
“In view of the recent amendment to Article 2103 of the Civil Code, therefore, we hold that where two persons are sued as solidary obligors, and the plaintiff takes no appeal from a judgment which dismisses the suit as to one defendant and condemns the other, an appeal by the latter brings the discharged defendant before the appellate court, and the litigation may be continued against him as though an appeal from the judgment of dismissal had been taken by plaintiff.
“In the instant suit we conclude that the appeal taken by Simoneaux brings his co-defendant Stelly before the appellate court, and, accordingly, it is proper for us to consider and determine on this appeal the liability vel non of Stelly.”
Later in the case entitled Emmons v. Agricultural Insurance Company, et al., 245 La. 411, 158 So.2d 594, a similar situation was presented before the Court. The Court, in that case, stated that the issue presented was actually an interpretation of Article 2103 of the Louisiana Civil Code regarding the right of appeal of one defendant against his co-defendant where no third party pleading had been filed. In that case the decision of Vidrine v. Simoneaux, supra, was discussed with favor. The Supreme Court there stated as follows :
“If we are to hold that Bertucci and Agricultural had no right of appeal herein against General Accident, we would be compelling them to have the question of negligence tried anew and perhaps then appealed; we would be attributing to the plaintiff the right to control the appeal and, so to speak, deprive relators of rights vested in them under the Constitution. When plaintiff named General Accident as a party defendant, General Accident was in the case; relators did not necessarily have to rename it as co-defendant in order to assert the solidary co-debtorship claim if liability is found to exist. To ascribe to Article 2103, LSA-R.C.C., the meaning which General Accident sets forth and urges would produce absurd results, bring about useless actions, and generate a multiplicity of suits which the law abhors. State v. Garner, 238 La. 563, 115 So.2d 855; State v. Smalling, 240 La. 887, 125 So.2d 399.”
 Based upon the holdings of the Court of Appeal in the Vidrine case and the holdings of the Supreme Court in the Emmons case, we feel that the motion to dismiss this appeal should be denied. While it is true that in its petition for appeal the appellant did not specifically refer to the dismissal, or silence, of the Lower Court with regard to the third party petition against Continental, we certainly do feel that the petition for appeal was sufficiently broad enough in its language to bring in Continental as an appellee. The said petition for appeal alleged that appellant was aggrieved by the Judgment of the Lower Court dated June 28, 1963. It has been the policy of the Courts of this State to favor appeals and not to dismiss them merely upon a technicality. Furthermore, should we hold otherwise, we would be contributing to a multiplicity of *397 suits contrary to the decision rendered by the Supreme Court in the Emmons case.
For the reasons hereinabove assigned, the motion to dismiss the appeal is denied, all costs to be paid by the mover.
Motion denied.