CHASEZ, Judge.
Plaintiffs, Mr. and Mrs. Herman McCoy, appeal from a judgment dismissing their suit for fire damages against Pacific Coast Fire Insurance Company, their fire insurer, American Employers’ Insurance Company, the insurer’s deposit bondsman, and Mon-taldo Insurance Agency, Inc., the insurer’s agent who sold plaintiffs their fire insurance policy.
Plaintiffs purchased the property involved in 1955. At that time it had space *388 for a restaurant in it, but was not being used for restaurant purposes. Plaintiffs obtained insurance through Montaldo Insurance Agency, Inc., with an insurance company not involved in this suit. The then policy described the use and occupancy of the premises as “apartments”, and insured it against fire for $15,000.00 for three years.
In 1956 plaintiffs began to use the restaurant space for the operation of a restaurant.
In early 1958 plaintiffs decided to increase their insurance from $15,000.00 to $20,000.00, and requested Montaldo Insurance Agency, Inc., to arrange the increase. Since Montaldo Insurance Agency, Inc., no longer represented the first insurer, it procured for plaintiffs, on March 3, 1958, a $5,000.00 policy with the defendant insurer, stating the use and occupancy to be the same as that described in the first policy, viz., apartments. When the $15,000.00 policy expired, plaintiffs caused the $5,000.00 policy with defendant insurer to be increased to $20,000.00, on April 15, 1958.
The building intended to be covered by the insurance policy was damaged by fire on November 6, 1960. Defendant insurer declined payment on its policy, because its investigation showed the operation of the restaurant on the premises (in addition to 11 rooms and three apartments), while the policy described the use and occupancy simply as “apartments”. The presence of the restaurant operation materially increased the risk involved; the correct premium should have been $680.00 instead of the $253.00 actually paid.
Plaintiffs attempted to prove knowledge on the part of the insurer’s agent, Montaldo Insurance Agency, Inc., of the presence of the restaurant, by the testimony of one Maurice Pailet, who loaned plaintiffs money and placed their insurance for them. His testimony was that he had given Mon-taldo Insurance Agency, Inc., a written memorandum at the time of the increase in amount of insurance reflecting the presence of the restaurant. Montaldo Insurance Agency, Inc., denies that such written memorandum, on the face of the old policy, was ever given to it; and further showed, by the testimony of Mr. North, its fire insurance department manager, that Maurice Pailet did not raise this contention immediately when George North notified him of the coverage problem. The trial court obviously found plaintiffs’ proof insufficient on this point, and we find no error in that ruling.
We note, for the sake of a full statement of facts, that in May of 1959, the Louisiana Rating and Fire Prevention Bureau sent Montaldo Insurance Agency, Inc., new rate cards for a considerable amount of property, including the property of plaintiffs. The new rate card described the property as “restaurant, rooms (11), apartments (3)”, and increased the rate accordingly. The earlier rate card, from June, 1956 (“Current” as of the 1958 issuance of the policy here involved) stated a rate upon which the $253.00 premium was computed. However, because of the quantity of rate cards it received, listing property by address, Montaldo Insurance Agency, Inc., made no effort to match the new rate cards which its insureds, listed in its records by name.
In summary, then, the present policy was issued and increased in lieu of an increase and renewal of an earlier policy with another company. The occupancy was listed the same as in the earlier policy, although in fact plaintiffs had changed the occupancy by operating a restaurant. The insurance agent checked his rate card for the property as of the time of issuance of this policy, and his then rate card showed the rate for apartments, which he used in computing the premium. The rate card showing the different occupancy and rate was not available until over a year after the present policy was issued.
We have not found any case applying the pertinent statute, LSA-R.S. 22:692, *389 in circumstances similar to those present. Nevertheless we believe the statute is clear, and that it prevents recovery by plaintiffs in this case.
LSA-R.S. 22:692 provides:
“No policy of fire insurance issued by any insurer on property in this state shall hereafter be declared void by the insurer for the breach of any representation, warranty or condition contained in the said policy or in the application therefor. Such breach shall not avail the insurer to avoid liability unless such breach (1) shall exist at the time of the loss, and be either such a breach as would increase either the moral or physical hazard under the policy, or (2) shall be such a breach as would be a violation of a warranty or condition requiring the insurer to take and keep inventories and books showing a record of his business. Notwithstanding the above provisions of this Section, such a breach shall not afford a defense to a suit on the policy if the fact or facts constituting such a breach existing at the time of the issuance of the policy and were, at such time, known to the insurer or to any of his or its officers or agents, or if the fact or facts constituting such a breach existed at the time of the loss and were, at such time, known to the insurer or to any of his or its officers or agents, except in case of fraud on the part of such officer or agent or the insured, or collusion between such officer or agent and the insured.”
The policy of insurance in this case described the property as “occupied as apartments”. We believe this constitutes a representation, within the meaning of LSA-R.S. 22:692, which representation was breached by occupying the premises as a restaurant; the breach existed at the time of the loss and did increase the physical hazard. Accordingly, unless the facts were known to the insurer or its agent, either at the time of issuance of the policy or at the time of the loss, the breach does constitute a defense to this suit.
We have already discussed the attempt to show knowledge at the time of the issuance of the policy, and have held there was not knowledge at that time. We have also mentioned the 1959 rate card, which, had it in fact been noticed by the agent, would have constituted knowledge at the time of the loss. But we have determined that there was no actual knowledge, due to the quantity of the cards and the fact of their being listed by address while Montaldo Insurance Agency, Inc., the insurer’s agent, maintained its files by customer’s names.
The only question in our minds is whether, since the insurer is obliged by law, LSA-R.S. 22:1405, to be a member of the Louisiana Rating and Fire Prevention Bureau, there is any obligation to make use of the rate cards supplied by the Bureau; and whether Montaldo Insurance Agency, Inc., who was in fact a subscriber to the Bureau, can be charged with knowledge of information on the rate cards pertaining to properties insured by policies written by it.
We decline to charge either Montaldo Insurance Agency, Inc., or the insurer with knowledge merely because the rate cards were delivered to them. The record shows that the cards were delivered in large quantities, and each card listed several properties. The cards are used when a policy is issued, to obtain rate information; but we find no obligation even implied in the statute to use the cards for other purposes.
We also conclude that the obligation to be a member of the Bureau does not include any obligation to know the contents of the rate cards (other than at the time of issuance of the policy). The purpose of requiring membership is to provide funds for operation of the rating and fire prevention functions of the Bureau.
Accordingly we conclude that neither the insurer nor its agent had actual or constructive notice of the breach. *390 Therefore, the breach of the representation that the building was “occupied as apartments”, which increased the physical hazard, constitutes a defense to the suit on the policy.
The other attempts by plaintiffs to state a cause of action, by charging the insurer with warranting the appropriateness of the policy issued, and by charging Montaldo Insurance Agency, Inc., with tort, both depend on the element of knowledge of the use of the building, which was not proved.
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.