183 So.2d 447 (1966)
James LEONARD et ux., Plaintiffs-Appellees,
v.
The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 10510.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1966.
Rehearing Denied March 1, 1966.
*448 Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellant.
Emmons & Henry, Jonesboro, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
This is an action by a husband and wife to recover damages resulting from a collision between plaintiffs' community-owned automobile and a car insured by defendant company. From judgment in favor of Essalene Leonard in the sum of $3500 for personal injuries and in favor of James Leonard for $1231 as damages suffered and expenses incurred by the community, defendant appeals.
The accident occurred in Jackson Parish about eleven o'clock in the evening on a narrow dirt road. The Leonards' automobile, driven by the wife, was traveling north *449 with the headlights burning. Just before impact, she was driving the vehicle up a slight incline. The automobile of defendant's insured, which was owned by the community existing between Tim Jones and his wife, Freddie Mae Jones, was approaching from the opposite direction. The evidence is undisputed that the Jones vehicle was being operated without any lights by a person named Willie Joe, who was killed in the accident. After the Jones vehicle topped the crest of the hill it collided headon with the Leonard vehicle. From the testimony there is no doubt the driver of defendant's car was grossly negligent in operating the automobile without any headlights and in driving while under the influence of intoxicating liquor. Defendant does not seriously contest the negligence of Willie Joe, but has specially urged the contributory negligence of Essalene Leonard. This negligence is principally predicated upon the claim that she was driving her vehicle almost in the center of the road and on the conclusion that if she had been on the right side thereof the accident would not have occurred.
The lower court found the driver of the Leonard vehicle free from any negligence which contributed to the accident. We find no error in this conclusion. As stated, the road upon which the accident occurred was a narrow, dirt, country road. There is evidence that it was not only customary but the safest procedure for a driver, at the particular time and place, to drive his car in the center of the road because of the ruts and the danger of slipping or sliding into the ditch. This was especially true at night because there was no reason for such a driver to suspect he would not be warned of an approaching vehicle by the glare of its headlights. Under these circumstances we find the defendant has failed to bear the burden of proving contributory negligence against Essalene Leonard.
Defendant also contends the insurance policy sued upon was either void or by its provisions did not cover the accident here involved. In furtherance of this argument the following provisions of the policy have been brought to our attention:
"Definitions.
* * * * * *
"`Owned automobile' means
(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded."
"Exclusions.
"This policy does not apply under Part I:
"(a) To any automobile while used as a public or livery conveyance * *." (Emphasis added.)
In order to dispose of the question of insurance coverage it becomes necessary to recite other facts elicited during the trial. Freddie Mae Jones, the wife of Tim Jones, purchased their automobile in 1957. She was a school teacher and living in community with her husband at the time so the automobile became community property. This automobile had apparently been covered with liability insurance issued through the Jonesboro Insurance Agency for several years prior to the date of the accident. The policy was written and issued each year on a yearly basis and expired on October 31 of each year. Approximately thirty days before October 31, 1963, the local agency sent a notice to Freddie Mae Jones that they intended to re-issue the policy for an additional year from October 31, 1963 to October 31, 1964. Pursuant to the stated practice the policy was re-issued and apparently was in full force and effect at the time of the accident, the premium having been paid for the year.
The dispute over coverage arises because the evidence is convincing the automobile in question was used part-time as a taxi by Tim Jones; however, on the night in question it was being operated by Willie *450 Joe for his own use and pleasure. It is undisputed that Willie Joe had the express permission of Tim Jones to use the vehicle. It is also undisputed he was not using the vehicle as a taxi at the time of the accident, but to the contrary, had been on an extensive drinking spree and had just left a cafe in a very inebriated condition shortly before he met his death in the unfortunate accident.
We find the exclusionary clause of the policy of insurance is clear and unambiguous and provides by express terms that the policy does not apply "while used as a public or livery conveyance." (Emphasis supplied by this Court.) Since the testimony reflects the vehicle was not being used at the time as a public or livery conveyance the exclusionary clause is clearly not applicable. Appellee has cited several authorities from this and other states in support of the foregoing conclusion, but we believe the clarity of the policy provisions obviates the necessity of citation of authority.
Appellant also contends the policy was void from its inception because of the fraudulent misrepresentations made by Freddie Mae and Tim Jones at the time of the issuance of the policy in concealing the fact that the car would be used as a part-time taxi. In support of this argument we have been cited to many cases among them being Carruth v. State Farm Mutual Auto Ins. Co. (La.App. 2 Cir., 1959) 113 So.2d 56; Grain Dealers Mutual Ins. Co. v. Miller (La.App. 3 Cir., 1962) 142 So.2d 458; Radosta v. Prudential Insurance Company of America (La.App. 4 Cir., 1964) 163 So.2d 177; Lamark v. Lincoln Income Life Insurance Company (La. App. 4 Cir., 1964) 169 So.2d 203 and McCoy v. Pacific Coast Fire Insurance Company (La.App. 4 Cir., 1964) 164 So.2d 386 (reversed 248 La. 389, 178 So.2d 761).
We find all of the cases cited by appellant to be inapposite from a factual viewpoint. The record is barren in this case of any evidence that either Freddie Mae or Tim Jones made any representations to the insurance agency as to the use of the automobile. In fact there is no convincing evidence they were ever asked what the car was to be used for. Consequently there was certainly no misrepresentation, concealment or fraud shown on their part. We find the policy was in full force and effect at the time of the accident.
The next question presented relates to the award of $3500 to Essalene Leonard for her personal injuries consisting of dislocation of her right hip, lacerations of the scalp and numerous bruises and abrasions about the body. She was confined to the E. A. Conway Memorial Hospital from November 3, 1963 until December 10, 1963. She remained under the care of her doctor through November 1964. During her confinement in the hospital she was required to remain in traction for a period in excess of three weeks. After her release from the hospital she walked with the aid of crutches for an extended period of time. However, she suffered no permanent disability. Plaintiff, by way of answer to the appeal, has asked that the award be increased to $5000.
The fixing of quantum in personal injury cases is a discretionary power vested in the trial judge. From our study of this case, we are unable to find any abuse of this discretion and the award of $3500 for the personal injuries is affirmed.
The next question to be considered is the correctness of the award to the husband in the sum of $1231. The record establishes that E. A. Conway Memorial Hospital notified counsel for plaintiffs that the total amount of their bill was $756. However, plaintiff-husband only claimed the sum of $581 for medical expenses and for this reason an award for this item cannot exceed the amount sought in the petition.
Appellant contests any award for medical expenses since the E. A. Conway *451 Memorial Hospital is a charity hospital and has not intervened in the suit. We find no merit in this contention. While it must be conceded that Louisiana Revised Statutes 46:8, et seq., sets forth that in any case in which a person who has been treated in a charity hospital is claiming damages in a lawsuit the hospital should be served with notice of the proceedings so that it can intervene, the statute also provides the hospital is subrogated to all awards made to a claimant in such an action. In the instant case the reports from the hospital were introduced in evidence by consent of counsel. In several of these reports a statement was contained as to the amount owed by plaintiffs to the hospital for the treatment received by the wife. The right of subrogation provided by the statute presupposes a right of direct action. Ledbetter v. Hammond Milk Corporation (La.App. 1 Cir., 1961) 126 So.2d 658; Bean v. Toney (La. App. 4 Cir., 1965) 173 So.2d 31. The award of $581 as medical expenses is affirmed.
There was an additional item of expense alleged to be due the community of $250 for travel and other expenses. There was no evidence to support this demand and it is therefore rejected.
The husband claimed the sum of $400 for total destruction of the automobile involved in the accident. Leonard testified he had purchased the car approximately a year before the accident for the sum of $350 and had sold it as salvage for the sum of $40. He also testified it would have required approximately $400 to restore the vehicle to its original condition. We think the unsupported testimony of the husband as to what it would cost to repair the vehicle is insufficient to support an award of $400. Taking into consideration the fact he had paid $350 for the car only a year before the accident, we think a fair award would be $250 as the value of the car, less the amount received for its sale, or a total of $210 for the damages to the automobile.
For the reasons assigned the judgment appealed from is amended so as to reduce the award in favor of James Leonard from $1231 to $791 and as thus amended the judgment of the lower court is affirmed at appellant's cost.
Amended and affirmed.