HALL, Judge.
Mr. and Mrs. Herman McCoy sued Pacific Coast Fire Insurance Company for $19,484.00 loss on a policy of fire insurance covering a building bearing the municipal No. 2912-14 Thalia Street in New Orleans. Plaintiffs sought recovery in the alternative against Montaldo Insurance Agency, Inc., through whom the policy was obtained. In a third party action Pacific impleaded Montaldo seeking judgment against Montaldo for the amount of any judgment which might be rendered against it in favor of the McCoys. The District Court rendered judgment dismissing plaintiffs’ suit against both Pacific and Mon-taldo.
Plaintiffs appealed and this Court affirmed (see 164 So.2d 386). On certiorari the Supreme Court reversed and rendered judgment in favor of plaintiffs against Pacific in the sum of $16,002.00 together with interest and costs and rejected plaintiffs’ demand in all other respects. The judgment against Pacific rendered necessary a determination of Pacific’s third party claim against Montaldo, and for the reasons assigned in its opinion on rehearing the Supreme Court remanded the case to the District Court “ * * * for the limited purpose of permitting the third party demand of Pacific against Montaldo to be proceeded with according to law * * (See 248 La. 389, 178 So.2d 761)
Following the hearing on remand the District Court rendered judgment on the third party demand in favor of Pacific against Montaldo for $19,290.15 representing the sum paid by Pacific to the McCoys in accordance with the judgment of the Supreme Court. Montaldo prosecutes this appeal from that judgment.
The facts in the main case are fully set forth in our opinion reported in 164 So.2d 386 and in the opinion of the Supreme Court reported in 248 La. 389, 178 So.2d 761. The basic issue in the main case was whether Pacific had knowledge prior to the loss of the fact that the McCoys were using part of the insured premises as a restaurant. There was no proof of actual knowledge of such use on the part of either Pacific or Montaldo, hut the Supreme *28 Court held that Montaldo, as agent for Pacific, had constructive knowledge of such use prior to the loss and that such knowledge was imputable to Pacific, and therefore under the provisions of LSA-R.S. 22:692 Pacific could not avoid liability on the policy. The holding of the Supreme Court that Montaldo had constructive knowledge of the use of the premises as a restaurant was based solely on the fact that some months prior to the fire Mon-taldo had received from the Louisiana Rating and Fire Prevention Bureau a large quantity of new rate cards for Rerate Zone No. 6 of Orleans Parish among them being a new rate card for 2912 Thalia Street which reflected that the insured property at 2912-14 Thalia Street was being used as a restaurant, rooms and apartments. The form letter of the Louisiana Rating and Fire Prevention Bureau transmitting the cards to Montaldo specifically warned that the new rates could not in any manner be applied to existing policies. Having no present use for the rerate cards Montaldo simply placed them in its files for future use as occasion might arise. It was not shown that Montaldo had ever seen or had any knowledge of the new rate card covering the insured premises. However the Supreme Court held that since the new rate card was delivered to Montaldo and retained in its files it had constructive knowledge of whatever the card might reveal.
In paragraph five of its third party action against Montaldo, Pacific alleged:
“That if Montaldo Insurance Agency, Inc. was informed of the use and occupancy of the premises * * * it was negligent in performing its duty as an agent of third party plaintiff.”
Pacific contends that the sole basis for the judgment against it as shown by the opinion of the Supreme Court is the failure of Montaldo to match the new rating cards from the Louisiana Rating and Fire Prevention Bureau with the insurance policy, which, if done, would have revealed the occupancy of the insured premises as a restaurant. Pacific further contends that it relied on its agents to notify it of any change in occupancy and had it known that the premises were occupied as a restaurant it would have cancelled the policy. In short Pacific’s contention is that the judgment against it is due to the negligence of Montaldo in not informing it of the use of the premises as a restaurant.
What the Supreme Court held of course is that Montaldo had constructive knowledge of the use of the premises by reason of having the rerate cards in its files and that its filing methods did not prevent it from being charged with such knowledge.
The record reveals that Pacific knew that the whole state was being rerated by the Bureau and under the provisions of LSA-R.S. 22:1405, subd. D(l) it had the same opportunity to obtain the new rate cards as Montaldo did. It did not obtain the cards from the Bureau because it did not have enough room in its office to put them, and moreover had no need for them.
The fact as revealed by the record is that both Pacific and Montaldo thought there was no necessity to refer to the rerate cards unless and until a new policy was to be written or an existing policy renewed. Each knew that neither of these events would occur in the instant case because at the time of the issuance of the rerate cards Pacific had ceased doing business in Louisiana and had terminated all its local agency contracts including Montaldo’s. Pacific gave no instructions to Montaldo relative to the rerate cards.
The record further reveals that Mon-taldo’s primary function was to produce insurance. It was not obliged to check risks since each policy had to have the approval of the Louisiana Rating and Fire Prevention Bureau before it became effective and any policy written by an agent which did not conform to the rate card in the Bureau’s office would be disapproved by the Bureau. Pacific knew that Mon-taldo had no field inspectors to check risks. *29 On the other hand Pacific did have such facilities.
Since Pacific did not expect Montaldo to field check risks, and since neither Pacific nor Montaldo prior to the decision of the Supreme Court had any idea that the re-rate cards could or would affect any existing policy issued by Pacific, and since Pacific had given no instructions to Mon-taldo with respect to the rerate cards we are of the opinion that Pacific has failed to show any duty owed to it which Mon-taldo breached.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of Montaldo Insurance Agency, Inc., dismissing the third party action of Pacific Coast Fire Insurance Company at its cost; cost of this appeal to be borne by Pacific Coast Fire Insurance Company, plaintiff-appellee.
Reversed and rendered.