ELLIS, Judge.
This is a suit by James E. Walker individually and on behalf of his minor children, James C. Walker and Alicia Walker, and Mrs. Golda F. Walker, his wife, for damages arising out of an automobile accident which happened on August 29, 1962. The defendants are William Jones, the owner and operator of the other vehicle involved in the accident, and the State of Louisiana through the Department of Highways. Jones answered and filed a *853 general denial, and as third party plaintiff sued Mr. and Mrs. Walker and the State of Louisiana through the Department of Highways for his damages arising out of the accident. Government Employees Insurance Company, the uninsured motorist insurer of Mr. and Mrs. Walker, intervened to recover the amounts paid by them to Mr. and Mrs. Walker under their policy.
After trial on the merits, judgment was rendered on the main demand in favor of James E. Walker and against the State of Louisiana through the Department of Highways for $325,082.93; in favor of James E. Walker on behalf of his minor son, James C. Walker, for $2,500.00, and in favor of Mrs. Golda F. Walker for $15,000.00. The judgment recognized the claim of Government Employees Insurance Company, and further ordered that, out of the judgment rendered in favor of James E. Walker, the sum of $22,564.28 be paid to the Veterans Administration Hospital at New Orleans and Alexandria, Louisiana. The Walkers’ suit was dismissed as to William Jones. This judgment was signed on October 13, 1967.
On October 18,1967, the State was granted a suspensive appeal from the above judgment. On October 27, 1967, judgment was signed on Jones’s third party demand in his favor and against the State for $18,535.00. The third party demand was dismissed as to Mr. and Mrs. Walker. No appeal has been taken from the latter judgment. Jones appealed the first judgment in order to preserve his rights thereunder in the event the lower court did not have the authority to sign the second judgment.
With respect to Jones’s appeal, we note that the judgment appealed from was signed on October 13, 1967, and the appeal bond not posted until January 16, 1968. That date is the 92nd day following the expiration of the delays for a new trial. The appeal was therefore not timely perfected and we are without jurisdiction to entertain it.
The question of the authority of the trial court to sign a judgment in an incidental action after the judgment on the main demand has been appealed appears to have been settled in the case of McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761 (1965). On the authority of Article 1915 of the Code of Civil Procedure, the court hold that a judgment which does not dispose of the issues as to all of the parties in a case is a partial judgment, and an appeal therefrom does not divest the trial court of jurisdiction to adjudicate the remaining issues.
In this case, therefore, the trial court retained jurisdiction over the third party demand of William Jones, and had authority to sign the judgment therein, despite the suspensive appeal taken from the judgment on the main demand. Since no appeal was taken from the second judgment, it is final.
The accident happened on U. S. Highway 61 about nine miles north of Baton Rouge, just before its intersection with Louisiana Highway 3004, at 4:00 a. m. on August 20, 1962. U. S. Highway 61 is a two lane concrete highway and runs in a north-south direction. Shortly before its intersection with State Highway 3004, Highway 61 widens into a four lane divided highway. The westerly or southbound lanes of the divided highway are made up of the original two lanes of Highway 61. The easterly or northbound lanes were added when the highway was widened. Traffic approaching the intersection from the south and entering the four lane section was forced to bear to the right from the two lane section of the highway by a raised asphalt median so located as to block the northbound lane of the original highway. At the same time, it forced southbound traffic into the most westerly lane of the original highway, which is the southbound portion of the divided highway.
Eighty-five feet north of the southerly tip of the asphalt median was located a sign with a reflecting surface with the *854 words “Keep Right” on it and an arrow pointing to the right for northbound traffic approaching the intersection. This sign was in place at the time of the accident.
The Highway Department claims that .22 miles south of the point where the highway divides was located a yellow diamond shaped sign with black lettering on it which said, “Divided Highway Ahead”. Plaintiff takes the position that this sign was not present. Plaintiff’s witnesses all testified that they had no recollection of having seen the sign there. One of the plaintiff’s witnesses, a State Trooper who was present at the scene of the accident on the morning it happened and who took a number of photographs, testified that the sign was not there. The Highway Department introduced records showing that such a sign had been placed there in 1960, and an inventory of signs, taken in 1964, showing that the sign installed in 1960 was still there. However, there is nothing in the way of positive testimony to show that the sign was present in 1962 when the accident happened. The Highway Department failed to produce any witness who could testify that the sign was there. In view of the testimony of plaintiffs’ witnesses, particularly of the Trooper, and the failure of the Highway Department to furnish any evidence other than the records above referred to, we conclude that the sign was not there at the time of the accident.
None of the plaintiffs in this case have any recollection of how the accident happened. Mr. Walker and his two children were asleep when the collision took place and Mrs. Walker is unable to remember any of the events leading up to the accident.
William Jones testified that he was driving north on Highway 61, and that he had never before been over that stretch of highway. He did not see a “Divided Highway Ahead” sign at any time as he approached the intersection. He testified that as he neared the median he was blinded by headlights of two approaching vehicles and saw neither the median nor the “Keep Right” sign. He stated that the first he knew of the median was when he hit it, and that he immediately applied his brakes and brought his car to a halt, lying across the southbound lane of the highway on approximately a 45° angle. On the trial of the case, he stated that after he brought his car to a halt he saw the Walker vehicle approaching about 200 feet away and sat there until it hit his car. It was brought out that on the day following the accident, he gave a statement that the Walker vehicle was only 40 or SO feet away when he came across the median.
Other evidence in the case, by witnesses familiar with the intersection, shows that they considered it to be a dangerous and confusing area. One expert testified on behalf of plaintiffs that if the “Divided Highway Ahead” sign was present at the time of the accident that it was not adequate to warn of the hazardous situation ahead, since it gave no indication of the distance from the sign to the point where the highway divides.
The Manual of Uniform Traffic Control Devices, which contains the regulations for traffic warning signs in effect at the time of the accident, was placed in evidence by plaintiff. It states that the “Divided Highway Ahead” sign should be installed not less than 750 nor more than 1000 feet in advance of the beginning of the dividing island. If the sign were in place at the time of the accident, as claimed by the State, it was located .22 miles, or 1181.6 feet south of the median, well in excess of the maximum distance stipulated by the manual.
A similar situation exists with respect to the “Keep Right” sign located on the median. The regulations require that it be placed no more than 50 feet from the approach end of the island, whereas it was located more than 65 feet therefrom.
We also note that, on the day of the accident, additional warning signs were installed, and that, since that time, large signs have been placed over the highway *855 warning traffic approaching from the south to keep right. No testimony was offered to show that the intersection and its approaches have become more heavily travelled or more dangerous since the time of the accident. Neither did the Highway Department offer any expert testimony as to the adequacy of the signs which it contends were in place at the time of the accident.
The Department of Highways is charged by law with the responsibility of erecting and maintaining highway signs adequate to warn the motorist of any unusual or dangerous condition existing on the highways. These signs and warning devices must be of a size and nature commensurate with the danger which lies ahead. R.S. 32:235; Reeves v. State, 80 So.2d 206 (La.App. 2 Cir. 1955).
In this case, all of the lay and expert testimony is to the effect that a dangerous condition existed where the highway divided, and that the warning devices were not adequate. No testimony was offered to the contrary. The preponderance of the evidence is to the effect that the “Divided Highway Ahead” sign was not in place when the accident happened. The only warning sign there, the “Keep Right” sign, was located some 35 feet further from the beginning of the median than called for by highway regulations. Under those circumstances, we find that the Highway Department has breached the duty placed on it by law, in that it failed to warn adequately of a hazardous condition in the highway, and that its negligence was the proximate cause of the accident.
The accident happened in plaintiffs’ lane of traffic. There is no testimony in the record to indicate any negligence or improper driving on the part of Mrs. Walker. The trial judge obviously felt that Jones’s testimony that Mrs. Walker was 200 feet from his car when he stopped in her lane was impeached by the testimony of the adjuster who took his statement the day after the accident, when he testified she was 40 to 50 feet away. We agree with his finding that Mrs. Walker was neither negligent nor contributorily negligent.
Neither do we find any negligence on the part of Jones. Under the circumstances, he could not be required to anticipate the dividing of the highway or the presence of the median in his lane of the highway.
The awards made in this case by the trial court are not questioned by any of the parties hereto.
The judgment appealed from is, accordingly, affirmed. Appellant is condemned to pay all costs for which it may be legally responsible.
Affirmed.