ON REHEARING
We granted this rehearing so that we might consider further our ruling that the first judgment rendered herein in favor of the plaintiffs was a partial judgment under Article 1915 of the Code of Civil Procedure, that the trial court retained jurisdiction of the third party demand of William Jones, and that it could sign a separate judgment therein despite the intervening appeal by the State.
As pointed out in our original opinion, the first judgment, dated October 3, 1967, was in favor of plaintiffs and against the State, but dismissed plaintiffs’ demands as to William Jones. ’ The State appealed from that judgment on October 18, 1967. On October 27, 1967, the trial judge signed a judgment on Jones’ third party demands, in his favor and against the State, and dismissing his demand as to plaintiffs.
The State now contends that the first judgment was a final judgment, and that its appeal therefrom divested the trial court of jurisdiction to sign the second judgment.
*856 The general rule is that there should be but one final judgment in a case, and that all issues presented by the pleadings and on which evidence has been offered must be considered as disposed of thereby. When the judgment is silent as to certain demands, they must be considered to be rejected. Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1917); Mexic Bros. Inc. v. Sauviac, 191 So.2d 873 (La.App. 4 Cir. 1966); Brady v. American Insurance Co., 198 So.2d 907 (La.App. 4 Cir. 1967).
However, Article 1915 of the Code of Civil Procedure provides for circumstances under which more than one partial judgment might be rendered in the same case. It provides as follows:
“A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
“(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners;
“(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969;
“(3) Grants a motion for summary judgment, as provided by Articles 966 through 969; or
“(4) Renders judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
“If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.”
At first glance, subsection (1) of the above article appears to apply to judgments of dismissal which might be rendered prior to final determination of a case on its merits, such as a judgment sustaining a peremptory exception filed by one of several defendants. In the case of McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761 (1965), an insured sued his insurer under his policy. The insurer, by third party petition, asked for judgment over against its agent, if it should be found liable. The final judgment rejected plaintiff’s demands, but was silent as to the third party petition.
The Supreme Court reversed and rendered judgment in favor of plaintiff and against defendant and remanded the case to the trial court for a decision on the third party demand. In so doing, it rejected the argument that the silence of judgment below amounted to a rejection of the incidental demand. It held that the dismissal of the plaintiff's suit, which was silent as to the third party complaint, was a dismissal as to less than all of the parties under Article 1915(1), and that the judgment was a partial judgment. It based its decision in part on the fact that the third party demand could be decided by the court only if the defendant were found liable, and the trial court had not so found.
In Mexic Bros. Inc. v. Sauviac, supra, the judgment was rendered against the defendant, but was silent as to his recon-ventional demand which was tried simultaneously. The Fourth Circuit reversed and ruled for the defendants, but denied their reconventional demand, which it found to have been disposed of by implication, and therefore presented to the court by defendants’ appeal. The court found Subsection (4) to be applicable only where there had been separate trials of the main and incidental demands. In Meaux v. Hoffpauir, 219 So.2d 551 (La.App. 3 Cir. 1969), all evidence was heard on the main and incidental demands, and the judgment was rendered in favor of plaintiff and against defendant, but was *857 silent as to the third party demand. The Third Circuit held, on the authority of the McCoy case, supra, that the third party demand had not been disposed of by the judgment. It did not consider the applicability of Article 1915(4). The Mexic and Meaux cases are virtually identical in their facts, but reach opposite conclusions as to the final or partial character of the judgment appealed from.
In the instant case, since all claims were tried at the same time, it seems clear that separate judgments on the main and incidental demands would not be appropriate under Article 1915(4).
The first judgment rendered herein is a judgment of dismissal only as to William Jones in his capacity as a defendant in the suit by Walker. However, Article 1915(1) does not require that a judgment be purely a judgment of dismissal in order to be a partial judgment. It requires only that it dismiss the suit as to less than all the various parties, which is one of the effects of the first judgment rendered in this case. Viewed in that light, the judgment is a partial judgment and adjudicates only those matters specifically covered. Under the last paragraph of Article 1915, the trial court retained jurisdiction of the remaining issues, and woud not have been divested thereof by the appeal from the first judgment taken by the State. The second judgment was properly rendered, and, not having been appealed, is final.
We need not consider the timeliness of Jones’ appeal from the first judgment, but feel constrained to point out that it is now conceded to have been timely perfected.
Subject to the views herein expressed, we are of the opinion that the conclusion heretofore reached by us is correct, and our former judgment is reinstated.