CUTRER, Judge.
MOTION TO DISMISS
The defendant-mover, James F. Rayner, former administrator of the Succession of Elmer Rayner, moves to dismiss the appeal of the intervenor, Pharis & Pharis, on the grounds that the intervenor’s appeal is now moot.
We agree and dismiss intervenor’s appeal.
Decedent, Elmer Rayner, left a will which was admitted to probate on February 2, 1978, and a petition for appointment of an administrator was filed on May 9, 1978, *92 to which was attached a detailed descriptive list.
The detailed descriptive list listed the property of decedent, Elmer Rayner, as totaling $243,318.83. The surviving spouse, Mary Elizabeth V. Rayner, employed inter-venor, Pharis & Pharis, who filed a Motion to Traverse the Inventory on April 10,1978. In the Motion to Traverse, Mary Elizabeth V. Rayner sought to be recognized as owner of an undivided one-half interest of all property shown on the Sworn, Descriptive and Estimative List. On April 13, 1978, an amended detailed descriptive list was filed in the record in which decedent’s estate was said to consist of an undivided one-half interest in all property incorporated in the previous Sworn, Descriptive and Estimative List, and adding additional property to the Sworn, Descriptive and Estimative List with a total value of $325,150.92, and showing of that amount only $9,000.00 as decedent’s separate estate and $158,075.46 as decedent’s undivided one-half interest.
On April 24, 1978, Mrs. Rayner discharged the firm of Pharis & Pharis as her attorneys and thereafter, the intervenor, on April 24, 1978, filed a petition of intervention in the succession proceedings alleging a right to intervene pursuant to Louisiana Revised Statute 37:218.
Thereafter, exceptions of no right or cause of action were filed on behalf of both the administrator and Mrs. Rayner through her new counsel. On May 31, 1978, a final judgment was read and signed, sustaining the exceptions of no right or cause of action, and on June 5, 1978, the intervenor moved for and obtained an order of appeal from the judgment of May 31, 1978, sustaining the exceptions.
Subsequent thereto, the administration of the succession was concluded and a judgment of possession and judgment discharging the administrator were signed on July 11, 1978. No appeal was taken from that judgment.
The defendant-mover, James Rayner, the former administrator of the succession, now moves to dismiss the appeal of the interve-nor on the grounds that since the succession is now closed, due to the valid judgment of possession and judgment discharging the administrator of July 11, 1978, the interve-nor’s appeal from the dismissal of its intervention is now moot. We agree.
LSA-C.C.P. Art. 1038 provides that the trial court may try the principal and incidental demands separately, either on exceptions or on the merits. It further provides that where the principal and incidental demands are tried separately, it may render separate judgments. This is exactly the situation that is before us now. The inter-venor’s incidental demands for attorney’s fees was tried on an exception of no cause of action, which the trial judge sustained and rendered a separate judgment thereon on May 31,1978. Separate judgments were rendered in the principal action, placing the heirs in possession and discharging the administrator on July 11, 1978.
In Meaux v. Hoffpauir, 219 So.2d 551, writs refused 253 La. 1096, 221 So.2d 522 (1969), this court held:
“For pleading purposes, the incidental action is independent of the principal action. LSA-C.C.P. Arts. 1031-1040; cf., Art. 1156. A final judgment may dispose of both the principal and the incidental actions, or separate judgments may be rendered as to each. LSA-C.C.P. Arts. 1038, 1915.
“In either event, however, and also if the judgment is silent as to disposition of one demand or the other, an appeal brings before the reviewing court only a demand in which the judgment is appealed. An appeal as to one demand does not bring before court also all other principal and incidental demands tried in the suit. See McCoy v. Pacific Coast Fire Insurance Co., 248 La. 389, 178 So.2d 761; Fontenot v. Pan American Fire & Casualty Co., La.App. 3 Cir., 209 So.2d 105. See also LSA-C.C.P. Art. 2087 (as amended by Act 92 of 1962), and 1962 Official Revision Comment (c).” (Emphasis supplied)
*93 Assuming for the sake of argument that the intervenor’s intervention was improperly dismissed on the exception of no cause of action, and that they had a right to intervene in the succession proceedings in order to attach Mrs. Rayner’s share of the succession, the succession is now closed and the judgment thereon cannot be reviewed or modified since no appeal was taken from the judgment placing the heirs in possession and discharging the administrator.
For the reasons assigned, the appeal of the intervenor-appellant is hereby dismissed at its costs.

APPEAL DISMISSED.