State vs. Comstock.

No. 8989.

THE STATE OF LOUISIANA vs. RICHARD COMSTOCK.

The use of due diligence is a pre-requisite to obtaining a continuance of a criminal prosecution.

Attachments for absent witnesses cannot be issued unless they be personally served with subpœnas.

To procure a continuance because of an absent witness, the accused must aver in his affidavit that he cannot prove by any present witness the fact he expects to prove by him, for whose absence the continuance is prayed. And the fact he expects to prove must be stated.

State vs. Comstock.

Where there has been a continuance, and a copy of the indictment has been served on the accused once, it need not be served again immediately preceding the trial.

An objection to a ruling of the trial judge on a criminal prosecution, and a reservation of a bill thereto, noted in the minutes of the court, will not be noticed unless the objection is made the subject of a bill duly signed and certified by the judge. The Act of 1877, permitting an objection to be reserved by the clerk taking a note thereof, is an amendment of the Code of Practice, and as that Code regulates the practice of civil causes alone, the amendment can relate alone to those causes.

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Hahn*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*Jas. D. Augustin* and *Chs. A. Baquié* for Defendant and Appellant.

The opinion of the Court was delivered by ,

MANNING, J. The prisoner was indicted for rape upon the person of Aimée Jenkins, was convicted without capital punishment, and sentenced to hard labor for life.

The indictment was found November 28, 1882. The prisoner was arraigned on the following day, and the case fixed for December 6th, on which day a continuance was prayed and granted. It was fixed at the next term for May 19th, when the defendant applied for and obtained another continuance on the ground of absence of material witnesses. He was then released from confinement on bail. The case was again fixed at the autumn term for October 13th, and a continuance was then made necessary by the defendant's flight from justice, and it was finally fixed for October 20th, when a fourth continuance was asked and refused.

This refusal is one of the grounds relied on for reversal of the judgment.

The application for this fourth continuance is based on the same ground as the second, but the two motions differ as to the names of the witnesses whose absence is complained of. All were expected to prove an alibi, but the affidavit for continuance disclosed that he had two witnesses present who would swear to the same facts as the absent witnesses. There are no subpœnas with returns.

There was want of due diligence, or no shewing of due diligence, and the evidence of these witnesses would have been cumulative only, since there were others present to prove the same fact. Their evidence was not therefore material. To procure a continuance, the defendant's affidavit should have averred that he could not prove by any present witness the fact he expected to prove by him, for whose absence the con-

tinuance is prayed. State vs. Robinson, 29 A. 364; State vs. Bradley, 30 A. 326; Allen vs. The State, 10 Ga. 85; Freligh vs. The State, 8 Mo. 606.

The use of due diligence is a pre-requisite to obtaining a continuance of a criminal cause. Subpœnas for absent witnesses must have been issued. Unless subpœnas have been served, attachments cannot be issued for the witnesses. State vs. Allemand, 25 A. 525.

The objection that a copy of the indictment had not been served on the accused falls when it appears that, although not served immediately before the last setting of the case, it had been twice served on him on two former settings thereof.

The second bill of exceptions seems to have been taken to the refusal of the judge to grant a new trial, and nothing else. No ground for the new trial is stated therein.

There is no appearance in this Court for the defendant, but the brief of the Attorney General treats the ground of the motion for a new trial as if it had been made the subject of a bill. It does not appear anywhere except in the minutes of the court, and the ground is there stated, and the ruling of the court thereon, and a minute is made that a bill was reserved, after the manner permitted in civil cases by the Statute of 1877. But no bill was drawn.

The Act of 1877 is an amendment of Article 488 Code of Practice. That Code provides for the practice in civil causes alone, and the amendment can of course apply to no other. State vs. Jessie, 30 A. 1170. In a criminal prosecution, unless the objection is embodied in a bill, this Court cannot review the ruling of the trial judge. State vs. Dufour, 31 A. 804.

There was nothing lost however in this particular case. The judge ruled correctly on the objection.

Judgment affirmed.

Rehearing refused.