O’NIELL, Chief Justice.
 

 J. TV. Perot, administrator of the estate of Mrs. Emma Perot, sued J. E. Perot- for $96, for rent of a store building belonging to the estate of the deceased, Mrs. Perot. The suit was brought in the court of a justice of the peace. The plaintiff did-not ask for reeogni-.. tion of the landlord’s lien, or for a writ of provisional seizure. A judgment was taken by default against J. F. Perot for the $96; with legal interest from judicial demand, and for costs, but without mention of the landlord’s lien, or the nature of the debt. A writ of fieri facias was issued, under which! the constable seized a lot of store fixtures; in the leased building, and, after proper ad-r vertisement, sold them to J. W. Perot, for $95, which was credited on the judgment.
 

 Before the sale was made, the Hicks Company filed a third opposition in the court of the justice of the peace, setting up a chattel mortgage for $250 on the property seized, and asked to be paid in preference to the seizing creditor out of the proceeds of the constable’s sale. J. TV. Perot, administrator, answering the petition of the Hicks Company, averred that the judgment in favor of the estate of Mrs. Etnma Perot was rendered on a claim for rent, that the landlord’s lien, securing the claim, affected the store fixtures in the leased premises before the chattel mortgage was given by J. E. Perot to the Hides Company, and that the landlord’s lien was therefore superior in rank to the chattel mortgage. On the trial of the Hicks Company’s opposition, it was proven that the claim of the estate of Mrs. Perot, on which the judgment was rendered, was for rent secured by a lien antedating the chattel mortgage of the Hicks Company. The justice of the peace, therefore, gave judgment in favor of the estate of Mrs. Emma Perot, rejecting the opposition of the Hicks Company, and ordering the proceeds of the sale of the store fixtures to be paid over to the estate of Mrs. Emma Perot. The Hicks Company appealed to the district court, where the case was tried de novo, and the judgment was affirmed. The case is before us on a writ of certiorari, issued at the instance of the Hicks Dompany, complaining principally of the ruling of the district judge, overruling the Hicks Jompany’s objection to the introduction of parol evidence to prove that the claim of the estate of Mrs. Emma Perot, on which the judgment was rendered by the justice of the
 
 *643
 
 peace, was secured by the landlord’s lien on the store fixtures before the Hicks Company obtained the chattel mortgage on the fixtures.
 

 The attorneys for the Hicks Company cite and rely upon several decisions by this court maintaining that, when a court, in its decree, says nothing about a particular part of the plaintiff’s demand, the effect is to reject that part of the demand. That is true; but the administrator of the estate of Mrs. Perot, as plaintiff in the suit against J. P. Perot, did not ask for recognition of the landlord’s lien; and hence the silence of the judgment on that subject had no significance, one way or the other. There was no occasion for the administrator of the estate of Mrs. Perot to ask for recognition of the landlord’s lien in the suit against J. F. Perot. A plaintiff whose claim is secured by a lien does not waive his lien by failing to ask for recognition of it unless and until there is some necessity for having the lien recognized. If there is no demand for recognition of the lien, the judgment rendered for the debt, without mention of the lien, does not have the effect of a denial that the debt is secured by a lien. Nalle v. Baird, 30 La. Ann. 1150; Battalion Washington Artillery v. St. Charles Skating Rink Co., 7 Orleans App. 431; Cazzo v. Ulrich, 13 Orleans App. 257; 34 C. J. 853, § 1265; 15 R. C. L. 977, § 452.
 

 In Nalle v. Baird, it was said:
 

 “And here a distinction must be observed. A lessor might sue his tenant for the rent, and fail to sequester or to seize provisionally the property subject to his privilege and right of pledge, or to pray for a recognition of his rights. This would not impair his right to seize the property, and to subject it, if still on the leased premises, as effectually as if he had sequestered or seized provisionally in limine. But where the plaintiff in a suit demands the recognition of his privilege and right of pledge, and allows judgment to be rendered for the debt only, without mention of the accessory rights demanded, the judgment is conclusive against these rights.”
 

 The justice of the peace and the district judge were right in admitting parol evidence to prove the nature of the debt for which the estate of Mrs. Perot had obtained a judgment' against J. F. Perot, and to prove therefore that the estate had a lien superior to the chattel mortgage of the Hicks Company on the store fixtures in the leased premises. On that subject, we quote from 15 R. C. L. § 532, p. 1050 et seq., viz.:
 

 “Ordinarily, the pleadings in a former suit, when introduced in a second action, will show what was within the issues and determined in the first suit, but it is a well settled" general rule that extrinsic or- parbl evidence is admissible to show what was involved in the issues and settled by the judgment in a former action, whenever the record leaves these facts in uncertainty, provided that such evidence does not amount to a contradiction of the record of the judgment or of recitals embodied in it.”
 

 The relief prayed for <by the relator is denied.
 

 ODOM, J., dissents.