VIOSCA, Justice.
 

 Samuel Foster died in Baton Rouge, Louisiana, where he was domiciled, on January 23, 1952 leaving a widow and six children by two former marriages and an estate comprising both separate and community property.
 

 On petition of decedent’s six children, who alleged that the decedent died intestate, judgment was rendered placing the widow in possession of an undivided one-half interest in the community property and the six children in possession of an undivided one-twelfth interest each in the community property and an undivided one-sixth interest each in the separate property left by decedent.
 

 Later the widow filed suit to set aside the judgment of possession, to reopen the succession proceedings, to probate an olographic will which she alleged was executed by the decedent, and to be recognized as legatee under the will of the usufruct of
 
 *274
 
 certain immovable property. She further asked for a money judgment against the heirs, alleging that she had paid certain debts of the succession for which she was entitled to reimbursement and that she was also entitled to compensation for administering and caring for the estate after the death of her husband. The heirs answered this suit denying that the olographic will was in the handwriting of the decedent and denying all of plaintiff’s claims.
 

 After trial the district judge rendered judgment in favor of the widow, appellant herein, and against the heirs, appellees herein, holding the olographic will to be entirely written, dated and signed by decedent and ordering it admitted to probate, “subject to legal reduction”.
 
 [1]
 
 This judgment further set aside the judgment of possession previously rendered, and ordered that the succession be reopened and that “the valid will in olographic form dated March 20, 1945, of Samuel Foster, be admitted to probate, and that a new inventory of the goods and effects of Samuel Foster be made including therein the funeral expenses and debts of the Succession.”
 

 After this judgment was signed appellant filed a motion asking that a notary public and appraisers be appointed “to make a new inventory of the goods and effects of Samuel Foster, including therein the funeral expenses and debts of the succession”. The court signed an order to that effect and the inventory was taken. This inventory shows immovable separate property valued at $5,-000,
 
 [2]
 
 movable separate property valued at $46, immovable community property appraised at $75 (decedent’s one-half) and movable community property appraised at $180.50 (decedent’s one-half). The inventory further lists as debts due to Cynthia Lucille Burns Foster a funeral bill of $750, a plumbing bill of $290 and a loan amounting to $75, all of which were debts of the succession allegedly paid by her, and a claim by Cynthia Lucille Burns Foster for $2,015 for compensation for administering the estate (which was later reduced by stipulation to $160).
 

 Appellant then filed a motion to amend this inventory by deleting therefrom the immovable community property, valued as a whole at $150, alleging that title to this property is in the name of one Johnny .Robertson as record owner but is in truth her separate property and forms no part of the estate. She asked that the heirs show cause why the inventory should not be amended accordingly and homologated as amended. An exception of no cause of action was filed to this rule. The district judge maintained
 
 *276
 
 the exception and dismissed the rule. Thereupon Cynthia Burns Foster took an appeal both from the judgment ordering the probate of the will and setting aside the previous judgment of possession and from the judgment maintaining the exception of no cause of action to the rule to amend and homologate the inventory. The heirs took no appeal and filed no answer to this appeal.
 

 The record shows that appellant has never made any effort to probate the will or to execute its provisions notwithstanding the fact that she was successful in proving its validity and given a judgment ordering its probate. Since appellant is without right to appeal from that portion of the judgment which is in her favor and defendants have taken no appeal therefrom, the judgment stands final in those respects. The sole complaint of appellant in this court is that the district court failed to render judgment in her favor in the sum of $1,215
 
 [3]
 
 for the succession debts paid by her and for compensation which she alleges is due her for administering the estate, for all of which she contends the heirs are liable because of their acceptance of the succession. Appellant is fearful that because the judgment is silent with respect to these claims, it will hereafter be contended in the probate proceedings that her claims for $1,215 were rejected and that the judgment in that respect is res judicata notwithstanding the order in the judgment that these debts be listed in a new inventory.
 

 It is true that where a judgment is silent with respect to any demand which was an issue in the case under the pleadings such silence constitutes an absolute rejection of such demand.
 
 [4]
 
 It is likewise true that an inventory is a list of the assets and not of the debts of a succession.
 
 [5]
 
 It is not possible however, in this case in the state in which this record is for us to render a judgment on the money demand of appellant. There has been no probate of the will and no administration of the estate by the executor (one of the heirs) named in the will or, upon his failure or refusal to accept the office, by a dative testamentary executor. There has been no recognition of the usufruct in favor of the appellant. There has been no determination as to whether the usufructuary has made advances for the payment of debts or whether at the option of the heirs all or part of the estate must be sold for the payment of these
 
 *278
 
 debts.
 
 [6]
 
 Likewise there has been no determination as to whether the heirs are personally liable for having accepted the succession.
 
 [7]
 
 Furthermore the record is not clear as to whether the appellant paid these debts out of her own funds received by her as the beneficiary of an insurance policy or out of monies belonging to the community or the separate estate of decedent in the form of savings from the earnings of her husband. Her testimony on this question is contradictory and there is no insurance policy in the record. These questions concerning which we express no opinion must first be disposed of by the trial court. For these reasons we will amend the judgment by striking therefrom the provision that the new inventory shall contain a list of the debts of the succession and in lieu thereof order that the rights of the appellant to assert her claims in proper proceedings be reserved.
 

 In connection with the judgment on the rule to amend and homologate the inventory it is clear that the district judge was in error in maintaining the exception of no cause of action. The appellant had the right by motion to ask that the inventory be amended by striking therefrom property which she contends does not belong to the estate but is her separate property. She was likewise entitled to have the inventory homologated if found to be correct as written or as amended if the district judge finds that the amendment is justified. The heirs by answer to the rule can protect their rights by asking that the inventory be amended by deleting the debts therefrom.
 

 For the reasons assigned the judgment herein rendered on February 25, 1958 and signed on April 10, 1958 is amended by striking therefrom the order that there be included in the new inventory the funeral expenses and debts of the succession and by ordering in lieu thereof that the rights if any of appellant to recover the sum of $1,215 in proper proceedings be reserved and as thus amended said judgment is affirmed. It is further ordered that the judgment rendered on June 16, 1958 and signed on July 17, 1958 maintaining the exception of no cause of action and dismissing the rule to file and homologate the inventory be reversed, that the exception of no cause of action be overruled and that the case be remanded to the district court for trial of said rule according to law and the views herein expressed.
 

 All costs of this appeal are to be charged against the mass of the succession.
 

 [1]
 

 . Neither appellant nor appellees have complained of this qualification. It obviously refers to a reduction in the legacy in the event it exceeds the disposable portion.
 

 [2]
 

 . It is the usufruct of this property that was bequeathed to his widow by decedent.
 

 [3]
 

 . Appellant’s claim was further reduced to this amount in her brief filed in this Court.
 

 [4]
 

 . Perot’s Estate v. Perot, 177 La. 640, 148 So. 903; Soniat v. Whitmer et al., 141 La. 235, 74 So. 916; Villars v. Faivre, 36 La.Ann. 308; Melde Tile Roofing Co., Inc. v. Compact Homes, Inc., et al., La. App., 92 So.2d 735; Williams v. Ralph R. Miller Shows, La.App., 15 So.2d 249; Lacaze v. Hardee, La.App., 7 So.2d 719; Rains v. Thomason & Champion, 17 La. App. 120, 135 So. 92.
 

 [5]
 

 .LSA-Civil Code Articles 1106, 1107, 1108 and 1109.
 

 [6]
 

 . LSA-Civil Code Articles 583, 584, 585, 586, 587, succession of Sinnott, 3 La. Ann. 175.
 

 [7]
 

 . See Code of Practice Art. 982.38, LSA-Civil Code Art. 981. It is contended that even if the heirs are not liable because the judgment of possession was set aside they should be held liable because they mortgaged the property after they learned of the will.