GULOTTA, Judge.
Plaintiff, a steel supplier who furnished materials for construction of a deck barge, appeals from a judgment dissolving a writ of sequestration of the vessel. We affirm.
Houma Steel & Supply, Inc. (Houma) filed a “PETITION FOR MONEY JUDGMENT AND WRIT OF SEQUESTRATION” on January 5, 1982, against Johnny Barbier d/b/a Barbier Enterprises (Barbier). Houma claimed $18,778.29 due for steel and other materials sold to Barbier and used by him to construct a barge. To protect its claim, Houma filed a writ of sequestration directing seizure of the vessel and recognition of plaintiffs lien and privilege pursuant to LSA-C.C. Art. 3237.[1] Houma also recorded its privilege in La-fourche Parish on the date suit was filed. Sometime before January 12, 1982, however, Barbier sold the barge, which was represented to be free of liens, to Allied Towing Services, Inc. (Allied).
On May 13, 1982, Houma obtained a default judgment against Barbier in the amount prayed for, but the judgment was silent concerning any sequestration order or' recognition of any lien in the vessel. Barbier subsequently declared bankruptcy and the judgment was never satisfied.
On January 25, 1983, Houma filed a “PETITION FOR WRIT OF SEQUESTRATION” against Allied. It alleged that the materials sold to Barbier had been incorporated into the construction of a certain deck barge known as Barge AT1200, which Allied had purchased from Barbier. Hou-ma claimed a privilege on the barge for the amount due for the materials supplied, and further prayed for sequestration of the vessel.
Allied filed a rule to dissolve the sequestration on three grounds: 1) that Houma’s privilege or lien, if any, did not exist on Barge AT1200 but on some other vessel of different dimensions described in the earlier writ of sequestration filed with the claim against Barbier; 2) that Houma had waived its privilege in the vessel by obtaining a money judgment against Barbier that was silent as to the privilege; and 3) that Hou-ma’s privilege was prescribed.
The trial judge rendered judgment in favor of Allied, dissolving the writ of sequestration and awarding Allied $1,500.00 in attorney’s fees. It is from this November 30,1983 judgment that plaintiff has appealed.
Once a defendant files a motion to dissolve a writ of sequestration, the burden of proof shifts to the plaintiff to establish facts constituting grounds for the issuance of the writ. LSA-C.C.P. Art. 3506; Yorkwood Savings and Loan Association v. Thomas, 379 So.2d 798 (La.App. 4th Cir.1980).
At the outset, we are confronted with a factual question, i.e., whether Houma successfully carried the burden of showing that the steel supplied was actually used in the barge construction.
Johnny P. Barbier and Vernon T. Webb (Houma’s vice-president) testified that Hou-ma sold the steel in December, 1981 to Barbier, who used it to build a deck barge, the only vessel being constructed by him at the time. Barbier testified that the barge was constructed over a six week period and that “most” of the steel purchased from Houma went into the construction, al *639 though some leftover material or “drop offs” of steel were not used.
Although the dimensions of the vessel described in the application for the earlier writ of sequestration in the claim against Barbier differed from the dimensions of Barge AT1200,[2] this discrepancy is of no moment in light of Barbier’s testimony that only one barge was under construction during the relevant time period and that “most” of the steel supplied by Houma was used in the vessel.
Nonetheless, despite our conclusion that Houma sold materials incorporated into the barge, we further conclude that Houma is estopped to assert a lien or privilege in the vessel now owned by Allied.
Houma’s vice-president, Vernon T. Webb, testified that when suit was filed against Barbier, the barge was under construction. According to Webb, Houma thereafter elected not to seize the barge because of the cost factors involved and Barbier’s oral representation that he would pay for the steel with the proceeds of the sale of the vessel to a third party upon completion. When Barbier did not pay, Houma obtained a default judgment against him for the unpaid balance, but did not obtain a judicial recognition of its privilege or have the barge seized.
According to time honored cases, when a plaintiff prays for recognition of a privilege, but a judgment in his favor on the underlying claim does not recognize it, the defendant’s aequescience in the judgment amounts to a denial of the privilege. Cazzo v. Ulrich, 13 Orleans App. 257 (1916); Nicholson & Company v. Citizens Bank, 27 La.Ann. 369 (Orleans 1875). In the instant case, instead of pressing its claim for seizure of the vessel, Houma chose to rely on Barbier’s oral promise to pay Houma from the proceeds of the sale of the barge. By obtaining a money judgment by default that failed to recognize any privilege, Houma lost its lien and privilege by implication, and is now estopped to pursue the barge in possession of Allied, the third party who purchased the vessel purportedly free of liens.
We reject Houma’s further argument that it retained its privilege in the vessel despite its failure to enforce sequestration of the barge. In support of this argument, Houma relies on Graeme Spring & Brake Service v. DeFelice, 98 So.2d 314 (La.App.Orl.1957) for the proposition that a materi-alman’s privilege in a vessel arises by law from the nature of the underlying debt and does not spring from the seizure of the vessel itself. Although we do not quarrel with this principle, Houma’s reliance on the cited case is misplaced.
The primary issue in Graeme Spring, supra, on rehearing, was whether the filing of an ordinary suit against the debtor served to interrupt the six-month prescriptive period of LSA-C.C. art. 3237,[3] even if the plaintiff had taken no steps to have the vessel judicially seized in enforcement of the privilege. The court in Graeme Spring was concerned with a prescription question and did not address the question of waiver or estoppel that now confronts us in this appeal. Our result in the instant case, therefore, does not conflict with the holding in Graeme.
We note further that Houma’s rec-ordation of its affidavit asserting its privilege in the public records of Lafourche Parish does not dictate a different result in this case. An inscription in the mortgage records neither creates nor preserves a lien in favor of plaintiff. Graeme Spring & Brake Service v. DeFelice, supra. Houma waived its privilege on the vessel by relying on Barbier’s oral promise to pay and by obtaining a judgment against Barbier silent as to the lien. Public recordation of Hou- *640 ma’s affidavit did not serve to preserve the lien lost in this manner.
Having concluded that Houma has lost its privilege on the vessel, we find no necessity to discuss whether its petition for sequestration of Barge AT1200 was timely brought within the six-month prescriptive period of LSA-C.C. art. 3237, or whether Houma’s earlier action against Barbier interrupted prescription.
Accordingly, the judgment is affirmed.
AFFIRMED.

. Art. 3237. Privileges on ships and vessels, enumeration and ranking; prescription.
The following debts are privileged on the price of ships and other vessels, in the order in which they are placed:
******
8. Sums due to sellers, to those who have furnished materials and to workmen employed in the construction, if the vessel has never made a voyage; and those due to creditors for supplies, labor repairing, victuals, armament and equipment, previous to the departure of the ship, if she has already made a voyage.

. Houma’s claim against Barbier describes the dimensions of the barge as "110' long by 40' wide by 7' deep”, whereas the order of sequestration of Barge AT1200 describes its measurements as "120' x 30' x 6'6”.

. LSA-C.C. art. 3237, in pertinent part, provides:
"The term of prescription of privileges against ships, steamboats and other vessels shall be six months.”