GROVER L. COVINGTON, Chief Judge.
A judgment creditor asserts its judgment in preference to defendant’s homestead exemption. The creditor claims that it is the holder of two mortgages in which the defendant waived her homestead exemption. The mortgages have not received judicial recognition and have not been offered in evidence, although certified copies of the same are in the record on appeal. The record contains no transcript of the hearing on the judgment creditor’s rules to have the two mortgages reinscribed and to deny the homestead exemption.
On the hearing on the rules, the trial judgment recognized the defendant’s homestead exemption, and also allowed the mortgages to be reinscribed. The plaintiff in rule appealed and the defendant in rule answered the appeal.
We find that the trial judge was correct in recognizing the defendant’s homestead exemption, pursuant to La. Const. 1974 Article XII, Section 9 and La.R.S. 20:1; Ouachita National Bank in Monroe v. Rowan, 345 So.2d 1014 (La.App. 2nd Cir.1977), writ denied 349 So.2d 332 (La.1977).
On the other hand, we reverse the judgment ordering the reinscription of the two mortgages. There is no evidence in the record to support such a reinscription.
Moreover, when the creditor elected to sue for an ordinary judgment on an unsecured claim, it waived any security rights it may have had. The judgment it obtained did not recognize any rights that it may have had under the mortgages. The only mortgage it then had was a judicial mortgage resulting from the judgment it obtained. The creditor cannot now assert preference by mortgage over the homestead exemption of the defendant in order to execute its judgment against the defendant. It no longer enjoys a homestead waiver. See Ouachita National Bank in Monroe v. Rowan.
For the foregoing reasons, the judgment recognizing the homestead exemption of the defendant, Vadean Smith White on the following described property is affirmed:
ALL THAT CERTAIN LOT OR PARCEL OF LAND, together with all buildings and improvements thereon, situated in St. Tammany Parish, Louisiana and more fully described as follows, to-wit: Lot 67 of WHISPERWOOD ESTATES, UNIT 1, in ST. TAMMANY PARISH, LOUISIANA.
All in accordance with survey no. 11788 by Ivan M. Borgen, C.E., dated August 22, 1977.
Acquired by Erin Vadean Smith White from Susan Kohler Beall and Rogers E. Beall by act before Thomas H. Gray, Notary Public, dated October 21, 1977 and recorded in COB 849, folio 276.
Further, that portion of the judgment ordering the reinscription of the following mortgages is reversed:
a) A mortgage by Erin Vadean Smith White to Magee Finance Service of Sli-dell, Inc. in the sum of $3,300.00 dated October 21, 1977 and recorded in COB 662, folio 207.
b) A mortgage by Vadean Smith White to Magee Finance Service of Slidell, Inc. *984 in the sum of $3,960.00 dated March 19, 1979 and recorded in MOB 767, folio 47.
Plaintiff, Magee Finance, is cast for costs of this appeal.
REVERSED IN PART; AFFIRMED IN PART.