EDWARDS, Judge.
The issue in this case involves the ranking of mortgages. As the holder of a note secured by a mortgage on certain immovable property belonging to defendants, plaintiff brought this action for the amount due on the note. In the suit, brought as an ordinary proceeding, plaintiff prayed for the amount due on the note and recognition of its mortgage, but the judgment, which cast defendants for the amount prayed for in the petition, made no mention of the mortgage.
After an unsuccessful attempt to execute on the judgment by garnishing wages, plaintiff proceeded to have the mortgaged property seized and sold under a FiFa. At the sheriffs sale, Commercial Federal Savings Bank, another of defendants’ secured creditors, bought the property, and a superior mortgage was paid off out of the proceeds. Commercial Federal then intervened, asserting that its mortgage is superior to plaintiffs, and that therefore it is entitled to the remaining sale proceeds in preference to plaintiff. Consequently, in accordance with article 2299 of the Code of Civil Procedure, the amount in dispute was deposited in the registry of the court awaiting the outcome of this case. The trial court dismissed the intervention, and Commercial Federal appealed.
The only question is which of the two mortgages is superior. Plaintiff contends that its mortgage, recorded in 1981, is clearly superior to Commercial Federal’s, recorded in 1982. Commercial Federal argues, however, that because plaintiff’s judgment on the note does not recognize the mortgage, plaintiff’s only existing privilege is based on the judicial mortgage created by the 1984 judgment. Thus, reasons Commercial Federal, its 1982 mortgage is superior. This ranking question, then, is reduced to whether a judgment creditor’s mortgage survives the judgment on the note when the judgment makes no mention of the mortgage.
Although it is well established that silence in a judgment as to any part of a demand made in litigation is a rejection of that demand, see Hendrix v. Hendrix, 457 So.2d 815, 818 (La.App. 1st Cir.1984), the rule is usually invoked between parties to the judgment. This court refused to allow a mortgagee to invoke provisions of its mortgage in the execution of its judgment against the mortgagor when it had neither sought nor obtained a judgment on the mortgage. Magee Finance Service v. White, 471 So.2d 982 (La.App. 1st Cir. 1985). In Magee the mortgagee had merely sued on a note, treating it as an unsecured claim. When it sought to execute on its judgment on the note, it tried to take advantage of the mortgagor’s waiver of the homestead exemption, contained in the mortgage. Since the mortgagee had not put the mortgage in issue in its suit on the note, it logically follows that it could not after the fact use the judgment on the note as a way to enforce the mortgage.
The instant case, however, presents the dilemma of ranking two creditors, one of whom was not a party to the judgment that arguably denied the other’s mortgage. Yet it was a similar ranking problem that prompted the Supreme Court to say that where a plaintiff demands recognition of his privilege, a judgment rendered on the debt only, without mention of the privilege, is a denial of the privilege. Perot’s Estate v. Perot, 177 La. 640, 148 So. 903, 904 (1933).*
More recently, the Fourth Circuit Court of Appeal refused to allow a judgment creditor to assert his unrecognized privilege against the judgment debtor’s vendee. See Houma Steel & Supply, Inc. v. Allied Towing Services, Inc., 468 So.2d 637 (La.App. 4th Cir.1985). Houma Steel sued its debtor for an amount due on materials used to construct a barge, seeking recognition of its lien under article 3237 of the Civil Code. Houma Steel’s judgment was for the dollar amount sought, but was silent as to the recognition of any lien. In the meantime the judgment debtor sold the barge, which he represented to be lien free, to Allied Towing. The judgment debtor *542 went bankrupt and the judgment was never satisfied. Then asserting the article 3237 privilege on the barge, Houma Steel sought to recover against Allied. The court refused recovery, reiterating the rule that once a plaintiff prays for recognition of a privilege, and the judgment in his favor does not recognize it, that privilege is denied.
Because Sun Finance’s judgment did not recognize its mortgage, that mortgage has been denied. Consequently Sun’s only privilege dates from the judicial mortgage in 1984, and Commercial Federal’s mortgage, dating from 1982, primes. Accordingly the judgment of the trial court is reversed, and it is hereby ordered that Commercial Federal Savings Bank is entitled to the proceeds of the sheriff’s sale of the subject property in preference to Sun Finance. All costs of this appeal are to be borne by Sun Finance.
REVERSED AND RENDERED.

 The Perot court held that because plaintiff had not sought recognition of its lien, the failure of the judgment to mention the lien could not operate as a denial of the lien.