525 So.2d 532 (1988)
SUN FINANCE COMPANY, INC.
v.
Willie JACKSON, et al.
No. 88-C-0081.
Supreme Court of Louisiana.
May 23, 1988.
Stephen 6. Sklamba, Clement F. Perschall, Jr., Sklamba & Thomas, Metairie, for applicant.
James Wattigny, Kemp & Mclntyre, Hammond, for respondents.
DENNIS, Justice.[*]
Willie and Nancy Bell Jackson first executed a mortgage upon their immovable property in Tangipahoa Parish on September 9, 1981 to secure their indebtedness to *533 Northshore Homeguard and Ironworks in the amount of $9,493.80 as evidenced by their promissory note payable to the order of bearer in the same amount. The mortgage was duly recorded in the mortgage records of that parish on November 13, 1981. Subsequently, the mortgage and the note secured thereby were assigned to Sun Finance Company, Inc.
A subsequent mortgage on the same property was executed by the Jacksons on October 8, 1982 to secure their indebtedness to Commercial Federal Savings and Loan Association in the amount of $21,350 evidenced by their note of the same date delivered to the mortgagee. This subsequent mortgage was duly recorded on October 15, 1982.
After the Jacksons fell into arrears on their payments on the mortgage note acquired by Sun Finance, Sun Finance instituted an ordinary proceeding to enforce the note and mortgage. The petition alleged that the defendants were indebted to Sun Finance in the amount of $5,977.37, plus interests, costs, attorney fees, and prayed for recognition and maintenance of the mortgage recorded November 13, 1981. A default judgment in this amount was taken and confirmed against the defendants, but the judgment failed to include any recognition of the mortgage. After Sun Finance unsuccessfully attempted to execute the judgment by garnishing the wages of Nancy Bell Jackson, it proceeded to have the mortgaged property seized and sold under a writ of fieri facias. At the Sheriffs sale, Commercial Federal Savings and Loan Association intervened, asserting that its mortgage was superior to Sun Finance's, and that it was therefore entitled to the net proceeds of the sale in preference to Sun Finance. Because of the dispute over the proceeds of the sale, the sheriff deposited them into the registry of the court Subsequent to a hearing on this matter, the trial court dismissed the intervention and awarded the proceeds to Sun Finance. Commercial Federal appealed.
The court of appeal reversed, holding that because Sun Finance requested recognition of its mortgage in its prior suit against the Jacksons and the judgment failed to recognize it, this demand had been rejected by the trial court. Consequently, the court of appeal concluded, Sun Finance lost its conventional mortgage and was relegated to a claim under its judicial mortgage rendered and recorded in 1984, which was outranked by Commercial Federal's conventional mortgage recorded in 1982. Sun Finance Company, Inc. v. Jackson, 515 So.2d 540 (La.App. 1st Cir.1987). We reverse.
It is true as a general rule that where a judgment is silent with respect to any demand which was an issue in the case under the pleadings such silence constitutes an absolute rejection of such demand. Succession of Foster, 240 La. 269, 122 So. 2d 96, 98-99 (1960); Perot's Estate v. Perot, 177 La. 640, 148 So. 903, 904 (1933); Soniat v. Whitmer, 141 La. 235,74 So. 916, 917-18 (1916); Villars v. Faivre, 36 La. Ann. 398, 399-401 (1884); Melde Tile Roofing Co., Inc. v. Compact Homes, Inc., 92 So.2d 735, 736 (La.App.Orl.1957); Williams v. Ralph R. Miller Shows, 15 So.2d 249, 251-53 (La.App. 1st Cir.1943); Lacaze v. Hardee, 7 So.2d 719, 721-23 (La.App. 2nd Cir.1941); Rains v. Thomason & Champion, 17 La.App. 120, 135 So. 92, 94 (La.App. 2nd Cir.1931). See Harrell, Developments in the Law, 1984-85Security Devices, 46 La.L.Rev. 695, 697 (1986).
However, the authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality. La. Civil Code art. 2286 (1870) (La. Civ. C. art 2286 was transferred and redesignated as La. R.S. 13:4231 by 1985 La. Acts No. 331, Sec. 7. La. R.S. 13:4231 is a verbatim adoption of former article 2286).
In this case, Commercial Federal in effect seeks to assert the special defense of res judicata against Sun Finance's claim under its conventional mortgage, contending that the authority of the thing adjudged in the prior suit, viz., non-recognition *534 of Sun Finance's conventional mortgage, must be respected in this proceeding. But the exception of res judicata, by means of which individuals respect the authority or presumption of the truth which the law attaches to judgments, cannot be used except for the benefit of a person who was a party to the process, or who is the successor to the rights of one of the parties, and against a person who was a party or who is the successor to such party. 2 Planiol, Traite Elementaire De Droit Civil, no. 52A(4), at 36 (11th ed. La. State L. Inst, transl. 1959). See also Dixon, Bookish and Zimmering, Res Judicata in Louisiana since Hope v. Madison, 51 Tul. L. Rev. 611, 618 (1977); 1 Pothier, A Treatise on the Law of Obligations, no. 53, at 588 (3d Am. ed. 1853). Accordingly, Commercial Federal, which was neither a party to Sun Finance's suit against the Jacksons nor a successor to any rights the Jacksons may have acquired therein, may not assert the legal presumption of res judicata against the enforcement of Sun Finance's mortgage.
For the reasons assigned, the judgment of the court of appeal is reversed and the judgment of the trial court is reinstated.
REVERSED; TRIAL COURT JUDMENT REINSTATED.
NOTES
[*] Marcus, J., Recused.