CHARLES R. JONES, Judge.
|-iThe Appellants, Steve Battaglia and James Massacci, appeal a district court judgment, arguing that the judgment was not a final judgment as it only addressed quantum and not liability. We AFFIRM IN PART, VACATE and REMAND IN PART the district court judgment.
Facts and Procedural history:
This appeal arises out of a motor vehicle accident which occurred on or about September 10, 2002. The Appellants, Mr. Battaglia and Mr. Massacci were passengers in a limousine owned and operated by the Orleans Limousine Rentals and driven by Neil Jody Matthews on Interstate 10 at or near the Louisa Street exit. The Defendant, Charles Johnson, was the driver of a cab owned by co-defendant, Cleveland Turner, and operated by the Coleman Cab Company. Mr. Johnson’s cab rear-ended the Appellants’ vehicle, causing multiple soft tissue injuries to both Mr. Battaglia and Mr. Massacci.
On January 3, 2003, this lawsuit was filed against the named defendants, Charles Johnson, Cleveland Turner, Coleman Cab Company and Excel Underwriters. A supplemental petition was filed on April 1, 2003 which named ^Imperial Fire and Casualty Insurance as a defendant. After proper service of process was made on all defendants, each of them, with the exception of Coleman Cab, answered the petition.
At a bench trial held on September 28, 2004, the district court granted judgment in favor of both Appellants against Coleman Cab only. Specifically, the court *725 awarded $25,000 in damages, plus $1,964.64 in medical expenses, for a total judgment of $26,964.64 to Mr. Battaglia and $10,000 in general damages, plus $500 in medical expenses to Mr. Massacci. However, the judgement itself was silent as to the other named defendants.
On appeal, the Appellants argue that the district court erred in failing to adjudicate the issue of liability as to the other defendants, Charles Johnson, Cleveland Turner, or Imperial Fire & Casualty Company; and, they further contend, the case should be remanded to the district court so that the matter of liability can be adjudicated as to the remaining defendants.
Discussion
Before we discuss the merits of the appeal before us, we must fully discuss the procedural errors in the record. The record indicates that although the only defendant cast in judgment by the district court was the Coleman Cab Company, there was no indication that the other defendants’ liability was ever addressed by the district court. However, while the district court entered judgment against the Coleman Cab Company, the record reflects that the Coleman Cab Company did not file an Answer to the Petition. Thus, the Coleman Cab Company’s actions in this matter do not amount to either an appearance of record nor participation in the |slitigation. Further, the Appellants did not seek a default judgment against the Coleman Cab Company.
Furthermore, what makes these procedural errors more problematic is that counsel for the Appellees, Mr. Proboril, made “appearances” for all of the defendants as follows:
• On March 13, 2003, Mr. Poboril filed an Exception of No Cause or Right of Action on behalf of Excel Underwriters;
• On March 27, 2003, Mr. Poboril made multiple filings: 1) he filed an Exception of Insufficiency of Service of Process on behalf of the Coleman Cab Company; 2) he filed an Answer for Cleveland Turner; and he 3) filed a Request for Notice of Trial and of Signing of Judgment.
• On April 22, 2003, Mr. Poboril filed an Answer to Original and First Supplemental and Amending Petition on behalf of Charles Johnson and Imperial Fire and Casualty Company.
Following the district court’s sustaining the Coleman Cab Company’s Exception of Insufficiency of Service of Process, there was still no Answer filed by the Coleman Cab Company. Pleadings consist of petitions, exceptions, written motions, and answers. LSA-C.C.P. Art. 852. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition is ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition. La. Code Civ. Pro. Art. 1001. [our emphasis]
Thus, the only Answers appearing in the record are those of Cleveland Turner, Charles Johnson, and Imperial Fire and Casualty Company. However, the |4only defendant cast in judgment is the Coleman Cab Company, which unfortunately, is the only defendant that failed to answer either the original or amended petition. However, the record reflects that despite the fact that proper service was made upon the Coleman Cab Company, no Answer was filed, even though in the Appellant’s brief, counsel notes “all defendant’s [sic] were represented by this counsel and proceeded to trial.” Furthermore, there is no indication that the Appellants ever filed for a Preliminary Default against Coleman Cab Company. Thus, by virtue of the fact that *726 Mr. Porobil appeared as counsel of record for various defendants, he should have followed through by formally submitting an official Motion to Enroll as Counsel of Record for each Defendant he represented, or formally withdrawing as counsel if it was not his intention to fully represent all Defendants. However, despite the fact that counsel for Appellees represented all defendants, he did not file an Answer for all defendants.
We therefore conclude that based on the above procedural errors, the Coleman Cab Company never formally answered the petition as a matter of record. We disagree with the Appellants and find the matters and issues of liability should not have been adjudicated against Coleman Cab Company because the Coleman Cab Company did not file an answer to the Petition, even after the exception filed by Mr. Porobil on the Coleman Cab Company’s behalf was adjudicated. Additionally, since no preliminary default was taken against the Coleman Cab Company by the Appellants, there was literally no legal basis upon which to cast Coleman in judgment since Coleman did not appear on the record after the Exception for Insufficiency for Service of Process was ruled upon. Under no circumstances should judgment have been rendered against a party who has not | smade an appearance, and furthermore, the Appellants also had the option to file a preliminary default against Coleman Cab, but they failed to do so.
In its sole assignment of error, the Appellants argue that the district court erred in not adjudicating the matters of liability and quantum as to all defendants, and as a result, the district court judgment rendered in the case sub judice, is not a final judgment.
In R.J. Messinger, Inc. v. Rosenblum, 894 So.2d 1113 (La.03/02/05), the Supreme Court recently addressed the issue of the determination of final judgments as follows:
In order to assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. However, if the trial court fails to do so, we find the appellate court cannot summarily dismiss the appeal. For purposes of judicial efficiency and economy, we approve the approach taken by the First, Third and Fifth circuits, and hold the proper standard of review for an order designating a judgment as final for appeal purposes when accompanied by explicit reasons is whether the trial court abused its discretion. If no reasons are given but some justification is apparent from the record, the appellate court should make a de novo determination of whether the certification was proper. Of course, if after examination of the record the propriety of the certification is not apparent, the court of appeal may request a per cu-riam from the trial judge. Alternatively, the court of appeal could issue a rule to show cause to the parties requiring them to show why the appeal should not be dismissed for failure to comply with La.Code Civ. P. art.1915, when the propriety of the certification is not apparent and the trial court has failed to give reasons for its certification ...
[[Image here]]
However, the overriding inquiry for the trial court is whether there is no just reason for delay. Courts of appeal, when conducting de novo review in matters where the trial court fails to give explicit reasons for the | ^certification, can consider these same criteria. Our interpretation of article 1915, which holds the certified final judgment is *727 properly before the appellate court even when the trial court fails to give explicit reasons for its determination, is in accordance with La.Code Civ. Pro. art. 5051 which provides “[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement substantive law and are not an end in themselves.”
Messinger, 894 So.2d at 1122-23. [our emphasis]
In the case sub judice, the judgment does not indicate that it is not a final, appealable judgment. Therefore, based on Messinger, we have determined after our de novo review that this case must be considered as an appeal from a final judgment of the district court.
The appropriate standard for appellate review by appellate courts is the “manifest error-clearly wrong” standard, which precludes the setting aside of a trial court or jury’s findings of fact unless those findings are clearly wrong in light of the record reviewed in its entirety. Alexander v. Pellerin Marble & Granite, 93-1698 630 So.2d 706, 710 (La.1/14/94) citing Rosell v. ESCO, 549 So.2d 840 (La.9/12/89).
According to La.Code Civ. Pro. Art. 1841, a judgment is the determination of the rights of the parties in an action and may award any relief. However, if the district court rules on less than all the claims, then it retains jurisdiction to adjudicate the remaining issues in the case. La. C.C.P. Art.l915(C)
In the case sub judice, the parties proceeded to trial after the counsel for the Appellants filed an uncontested Motion to Set for Trial on the Merits. The parties subsequently filed witness lists with the district court, and proceeded to trial on September 28, 2004. Prior to trial, there were no stipulations filed into the record ^concerning liability. There was no indication that the Appellants ever sought to cure the defect in the record concerning the Coleman Cab Company’s failure to answer the Appellants’ Petition for Damages. The district court heard testimony from both Appellants, but none of the defendants were present, even though their counsel, Mr. Porobil appeared on their behalf. After all parties rested, the district court rendered judgment of liability based upon the Appellants’ testimony that their vehicle was struck by a Coleman cab. The Appellants did not contest the finding of liability and the district court proceeded to review the Appellants’ damage claims and subsequently awarded monetary awards to the Appellants.
However, based upon our review of the record in its entirety, and in light of the procedural errors in this record, we conclude that the Coleman Cab Company’s failure to answer and the Appellants’ failure to properly join the issues as to all defendants prior to proceeding to trial, renders this case alive as to the Coleman Cab Company, but adjudicated as to the other defendants. “Where [a] judgment is silent with respect to any demand which was an issue in the case under the pleadings, the silence constitutes an absolute rejection of the demand.” Sun Finance Co., Inc. v. Jackson, 525 So.2d 532, 533. (La.1988).
Although the Coleman Cab Company submitted to the jurisdiction of the district court through its attorney of record, the Coleman Cab Company cannot be cast in judgment until such time as the issues are properly joined and the Coleman Cab Company answers the Petition for Damages. The failure to join a party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion. La.C.C.P. Art. 645. However, we find that *728 the district court judgment was clearly wrong due to the Appellants’ failure to properly join the issues as to the Coleman Cab Company. Thus, considering that |Rthe judgment is silent as to defendants other than the Coleman Cab Company, we VACATE the judgment as to the Coleman Cab Company.
However, because it was manifest error by the district court in not casting other defendants in judgment, we conduct a de novo review as to the liability of the other defendants
The record reflects that Excel Underwriters filed an Exception of No Cause or No Right Action on the basis that it is not an insurance company. However, the record indicates that there was no determination of the exception, nor did Excel Underwriters file an Answer. Therefore, Excel Underwriters was never determined to have liability as an insurer in this matter due to the Appellants’ failure to properly join the issues as to Excel Underwriters.
When this matter proceeded to trial, the Appellants presented their case through counsel and proved their damages by way of medical records and medical bills. However, the trial transcript reflects that when the issue of liability was discussed, no stipulations were agreed to by the attorneys of record, no witnesses[1] were called to prove the damages against the named defendants,[2] nor were insurance policies subpoenaed from either Imperial Fire and Casualty or Excel Underwriters as insurers by Counsel for the Appellants as evidence to cast either of the purported insurers in judgment. Furthermore, to the Appellants’ disadvantage, their counsel rested their case without having examined any of the Appellees. Therefore, we AFFIRM the judgment of the district court finding no liability on the part of the purported insurance providers, Excel Underwriters and Imperial Fire Rand Casualty, and Cleveland Turner.
However, Charles Johnson, who was an employee of the Coleman Cab Company, was the driver of the cab on the evening he collided into the Appellants’ limousine. This fact alone is prima facie proof of Charles Johnson’s liability in this matter, although the district court judgment was silent as to the liability of Charles Johnson. Therefore, we find that the district court was manifestly erroneous in not finding liability against Charles Johnson. As a result of his negligent operation of the vehicle, both Appellants sustained physical injuries and medical damages. Therefore, we find that Charles Johnson was liable for the injuries and damages sustained by the Appellants. We therefore AMEND and RENDER judgment against Charles Johnson, finding him liable for the injuries and damages sustained by the Appellants, and casting him in judgment in the exact amounts expressed in the district court judgment against the Coleman Cab Company.
DECREE
For the aforementioned reasons, we hereby AFFIRM the district court judgment with respect to the defendants Cleveland Turner, Excel Underwriters, and Imperial Fire and Casualty; we VACATE the district court judgment as to the Coleman Cab Company, and Excel Underwriters as issues were not properly joined as to these defendants, and we RENDER *729 judgment against Charles Johnson finding him liable for the injuries and damages sustained by the Appellants in the exact amounts expressed in the district court judgment against the Coleman Cab Company.
AFFIRMED IN PART; VACATED AND RENDERED IN PART
ARMSTRONG, C.J., respectfully concurs in part and dissents in part with reasons.
LOMBARD, J. Concurs.
CANNIZARO, J., dissents with reasons.

. Only the Appellants, Mr. Battaglia and Mr. Massacci, testified at trial.

. Plaintiffs’ counsel rested without having subpoenaed the defendants to appear at trial. Although he served them with notice of the suit, he never subpoenaed them to appear at trial to testify.