NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1293

HOUSING AUTHORITY OF SABINE PARISH

VERSUS

ISAIAH LYNCH, ET AL.

**********
APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 62052
HONORABLE STEVEN B. BEASLEY, PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain[*], Judges.

**AFFIRMED.**

Layne A. Clark, Jr.
Wiener, Weiss & Madison
333 Texas Street, Suite 2350
Shreveport, LA 71120-1990
(318) 213-9266
COUNSEL FOR PLAINTIFF/APPELLANT:
        Housing Authority of Sabine Parish

Isaiah Lynch
In Proper Person
107 Buffalo Drive
Many, LA 71449
DEFENDANT/APPELLEE:
        Isaiah Lynch

---

[*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**COOKS, Judge.**

This case involves the trial court's denial of appellant's rule to evict. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The Housing Authority of Sabine Parish entered into a lease with Isaiah Lynch on May 1, 2008, for premises located at 107 Buffalo Drive, Many, Louisiana. On July 28, 2009, the Housing Authority filed a Petition for Rule to Evict against "Isaiah Lynch and all occupants" from the above premises. Essentially, the Housing Authority claimed Mr. Lynch did not comply with "certain requirements, conditions and attachments which are clearly set forth in the lease." These alleged failures were: (1) not keeping the leased apartment properly cleaned; (2) verbally and physically threatening Housing Authority employees who came to inspect the apartment; and (3) refusing to come to the Housing Authority office and sign a new lease and documents necessary for re-certification by HUD.

A hearing was held before the trial court on August 21, 2009. Mr. Lynch appeared but was not represented by counsel. The Housing Authority presented two witnesses who testified as to Mr. Lynch's alleged failures to comply with the lease requirements. It also introduced various photographs attempting to establish the uncleanliness of the apartment. Mr. Lynch did not present any witnesses but did testify on his own behalf. The court took the matter under advisement, and allowed Mr. Lynch to remain in his home in the interim.

On September 4, 2009, judgment was rendered denying the Housing Authority's Rule to Evict. On October 13, 2009, the trial court issued written reasons for judgment at the request of counsel for the Housing Authority. Those reasons explained in great detail the trial court's belief that the Housing Authority failed to

sufficiently prove Mr. Lynch breached the broad lease clause that "[r]esidents must be able to maintain units at all times." The reasons did not discuss the Housing Authority's contentions that Mr. Lynch threatened Housing Authority employees and would not come in for re-certification by HUD.

The Housing Authority lodged this appeal. It does not contest the trial court's cleanliness findings, but instead asserts the trial court erred in failing to evict Mr. Lynch based on his refusal to complete a new lease and re-certify with HUD, and in not allowing a reinspection of his property and threatening Housing Authority personnel for attempting to do so.

## ANALYSIS

In its appeal, the Housing Authority implies that since the trial court's written reasons for judgment did not specifically address either the alleged threatening of Housing Authority personnel and Mr. Lynch's failure to re-certify with HUD, its judgment is infirm and must be reversed by this court on appeal. We disagree.

The jurisprudence is well settled that the silence of a judgment regarding any demand at issue under the pleadings constitutes an absolute rejection of that demand. *Sun Finance Co., Inc. v. Jackson*, 525 So.2d 532 (La.1988); *Smith v. Hughes Wood Products, Inc.*, 544 So.2d 687 (La.App. 3 Cir.1989); *Hawthorne, Waymouth & Carroll v. Johnson*, 611 So.2d 645 (La.App. 1 Cir.1992)*; Potvin v. Wright's Sound Gallery, Inc.*, 568 So.2d 623, n. 1 (La.App.2 Cir.1990). We find this rule clearly applies in the instant matter.

As the Housing Authority points out the petition clearly listed the two grounds of threatening Housing Authority personnel and the failure to re-certify with HUD. Both these issues were testified to in open court; thus, under the jurisprudence we must assume the district court's judgment denying the rule to evict was an absolute

rejection of these demands.[1]  Accordingly, we will examine the record to determine if the evidence supported the district court's decision.

As to Mr. Lynch's alleged threatening of Housing Authority personnel, it appears the Housing Authority is referencing two incidents.  The first incident was testified to by Jurlean Wilson, who was a housing manager for the Housing Authority.  She stated, in a meeting with her and another housing manager, Mr. Lynch "got very angry" and she did "feel threatened when he made those statements."  The second incident was described by Stephen Allen, a maintenance man with the Housing Authority.  He testified when the re-inspection began, Mr. Lynch "went into his bedroom and he came back out with a cane and told us in no uncertain terms to leave his unit and we left his unit."  We find this behavior by Mr. Lynch, particularly his actions toward Mr. Allen in refusing to allow the re-inspection, was inappropriate.  However, we cannot say the district court erred in finding it was not grounds for eviction.  Our review shows there is no provision in the lease or any of the attachments, which references inappropriate speech.  Further, we cannot say the trial court's decision not to place much weight on the cane incident was clearly wrong.

Of more pertinence is Mr. Lynch's refusal to allow the re-inspection, for whatever reason, which is listed as a requirement in the attachments to the lease.  As to Mr. Lynch's failure to allow the re-inspection, the record is clear Mr. Lynch did allow an original inspection which the Housing Authority concluded he failed.  He apparently refused the reinspection by telling the Housing Authority workers to leave his residence.  However, Mr. Lynch testified a "State lady" came by to inspect his apartment some time later, and he was told the apartment was fine.  This testimony

---

[1]  We also note the judgment was rendered on September 4, 2009, without written reasons.  Counsel for the Housing Authority then requested written reasons for judgment be produced.  The trial court's written reasons for judgment were not rendered until October 13, 2009, some two months after trial on the matter.

was not challenged. Based on the record, the trial court may have determined a third inspection was not necessary. Mr. Lynch's failure to allow it was not grounds for eviction.

Regarding the Housing Authority's insistence that Mr. Lynch must comply with the re-certification requirement, we find Mr. Lynch's failure to visit the office and sign documents under the circumstances was not so unreasonable as to warrant the drastic remedy of eviction. Mr. Lynch is a senior citizen, and he is obviously leery of signing any documents, particularly when there is an admitted effort being made to evict him. There was no testimony or any indication given that Mr. Lynch's personal situation has changed and he does not meet the qualifications for re-certification required by HUD. The trial court's failure to order his immediate eviction on this ground was not legally wrong.[2]

### DECREE

For the foregoing reasons, the judgment of the district court in denying the rule for eviction is affirmed. All costs of this appeal are assessed to appellant, the Housing Authority of Sabine Parish.

**AFFIRMED.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.**

---

[2] Surely, there must exist some elderly assistance program in place to provide Mr. Lynch with representation and counseling with the hope of securing his full cooperation during re-certification in the future.