NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0657

SHARELL HORTON AND ANDREA NORWOOD

VERSUS

BATON ROUGE POLICE DEPARTMENT, CITY OF BATON
ROUGE/EAST BATON ROUGE PARISH, SAUNDRA W. WATTS, AND
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

*Judgment Rendered:*   JAN 1 9 2024

\* \* \* \* \* \* \* \*

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C681306

The Honorable Trudy M. White, Judge Presiding

\* \* \* \* \* \* \* \*

| | |
|---|---|
| Anderson O. "Andy" Dotson, III<br>Parish Attorney<br>Gregory Rome<br>Director of Litigation and Risk Management<br>David M. Lefeve<br>Sr. Special Assistant Parish Attorney<br>Michael P. Schillage<br>Assistant Parish Attorney<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>City of Baton Rouge/Parish of East<br>Baton Rouge |
| Denis W. Barry, Jr.<br>Law Offices of Spencer H. Calahan<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee<br>Sharell Horton |

\* \* \* \* \* \* \* \*

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

PENZATO, J. Concur with reasons by McCt.

GREENE, J. dissents with reasons.

**THERIOT, J.**

Defendant-Appellant, City of Baton Rouge/Parish of East Baton Rouge ("the City/Parish") appeals the 19th Judicial District Court's February 8, 2023 judgment finding the City/Parish, through the actions of Saundra Watts, to be at fault in the motor vehicle accident that is the subject of this case. Because the February 8, 2023 judgment is not a valid final judgment, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On the morning of April 30, 2018, Sharell Horton was traveling to work in a 2014 GMC Sierra truck owned by his fiancé Andrea Norwood. Horton was driving southbound in the left lane of Airline Highway, which has two lanes on each side. As Horton approached the Beechwood Drive intersection, a Chevrolet Suburban abruptly pulled in front of Horton from the right lane. Horton applied his brakes to avoid hitting the Chevrolet Suburban and came to a stop near the intersection.[1] Shortly after stopping, Horton was rear-ended by Detective Saundra Watts, a police officer, who was also traveling to work in a 2011 Chevrolet Impala.

Horton and Norwood filed a petition for damages on March 27, 2019, naming as defendants the Baton Rouge Police Department, the City of Baton Rouge/East Baton Rouge Parish ("the City/Parish"), Watts, and State Farm Mutual Automobile Insurance Company ("State Farm"). Horton sought damages for physical and mental pain, suffering, and anguish; physical disability and/or impairment of functions and activities; and loss of income and/or loss of earning capacity. Norwood, as the owner of the vehicle, asserted that she had sustained property damage and sought to recover damages as a result. The Baton Rouge Police Department and State Farm were subsequently removed as defendants.

---

[1] Horton testified at trial that the light turned red after he had come to a coasting stop at the light. He further testified that he was hit while stopped at that light and that he was hit with enough force to push his vehicle into the intersection. Watts testified that the light was green and the accident happened after she (and Horton) had passed the light.

2

A jury trial was held on October 24, 25, and 26, 2022. The jury returned a verdict finding Watts to be 100% at fault for the crash. The jury awarded Horton a total of $325,000.00 in damages, which consists of the following:

(1) $66,250.00 for past medical care and expenses;

(2) $158,750.00 for past physical pain and suffering;

(3) $50,000.00 for future physical pain and suffering;

(4) $25,000.00 for past mental anguish and distress; and

(5) $25,000.00 for future mental anguish and distress.

A judgment to this effect was signed by the trial court on February 8, 2023. Specifically, the judgment decreed that "there be judgment in favor of Plaintiff, Sharell Horton, and against Defendant, City of Baton Rouge/East Baton Rouge Parish in the total principal amount of $325,000.00." The judgment did not mention the other plaintiff, Andrea Norwood.

The City/Parish appealed, arguing that the jury erred in its allocation of fault and in returning an excessive award of damages.

## DISCUSSION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's appellate jurisdiction only extends to "final judgments." *Carter v. Carter*, 2021-1173 (La. App. 1 Cir. 5/12/22), 342 So.3d 391, 394; see also La. Code Civ. P. art. 2083(A). A final judgment is one that determines the merits in whole or in part. In contrast, an interlocutory judgment does not determine the merits but only preliminary matters in the course of an action. La. Code Civ. P. art. 1841; *Advanced Leveling & Concrete Solutions*, 268 So.3d at 1046.

3

A valid judgment must be "precise, definite, and certain." Moreover, a final appealable judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the language of the judgment without reference to other documents in the record. *Advanced Leveling & Concrete Solutions*, 268 So.3d at 1046. In the absence of such decretal language, the ruling is not a valid final judgment, and in the absence of a valid final judgment, this Court lacks jurisdiction. See *Carter*, 342 So.3d at 394.

The February 8, 2023 judgment, sought to be appealed herein, rendered judgment in favor of Sharell Horton and against the City/Parish. However, the judgment fails to rule in favor of or against the second plaintiff, Andrea Norwood, who asserted a claim for property damage and sought damages for property damage and diminished value.[2] Since the judgment is devoid of language resolving all of the parties' claims, it does not dispose of the entire matter, and the judgment is a non-final, interlocutory judgment, which is non-appealable. See La. C.C.P. arts. 1841, 1915, 2083; see also *Myers v. Diaz*, 2022-0445 (La. App. 1 Cir. 11/4/22), 354 So.3d 78, 81. In the absence of a valid final judgment, this court lacks subject matter jurisdiction and the appeal should be dismissed. See *Advanced Leveling & Concrete Solutions*, 268 So.3d at 1046-47. Considering the foregoing, we dismiss the instant appeal.[3]

---

[2] On the first and second day of trial, counsel for plaintiffs identified himself as representing Sharell Horton and Andrea Norwood. On the third day of trial, two separate attorneys indicated that they represented Sharell Horton, but neither mentioned Andrea Norwood. Despite this discrepancy, the record contains no indication that Andrea Norwood's claims were dismissed.

[3] Louisiana Code of Civil Procedure article 1951 provides that "[o]n motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation." However, a final judgment may not be amended under La. Code Civ. P. art. 1951 to change its substance. La. Code Civ. P. art. 1951. Because any amendment would require a substantive change, we are unable to remand this matter for the purposes of amending the February 8, 2023 judgment.

4

## DECREE

For the above and foregoing reasons, the City of Baton Rouge/Parish of East Baton Rouge's appeal of the 19th Judicial District Court's February 8, 2023 judgment is dismissed. Costs of this appeal are assessed to Defendant-Appellant, City of Baton Rouge/Parish of East Baton Rouge.

**APPEAL DISMISSED.**

*ΑΗ/*
*bypant-*

SHARELL HORTON AND ANDREA NORWOOD

VERSUS

BATON ROUGE POLICE DEPARTMENT, CITY OF BATON
ROUGE/EAST BATON ROUGE PARISH, SAUNDRA W. WATTS, AND
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**PENZATO, J., concurs.**

I concur with the result reached in the opinion but write separately to address

the following language contained in the February 8, 2023 judgment:

> **IT IS FURTHER ORDERED, ADJUDGED, AND
> DECREED** that this is a final appealable judgment pursuant to La.
> C.C.P. art. 1911 as an express determination has been made and there
> is no just reason for delay.

Louisiana Code of Procedure article 1911(B) provides in pertinent part that, "[n]o

appeal may be taken from a partial final judgment under Article 1915(B) until the

judgment has been designated a final judgment under Article 1915(B)." Article

1915(B)(1) provides, in pertinent part, that when a court renders a partial judgment

as to one or more but less than all of the claims, demands, issues, or theories against

a party, "the judgment shall not constitute a final judgment unless it is designated as

a final judgment by the court after an express determination that there is no just

reason for delay."

The February 8, 2023 judgment rendered judgment in favor of Sharell Horton

and against City of Baton Rouge/East Baton Rouge Parish. The judgment did not

rule in favor of or against Andrea Norwood, who asserted a claim against City of

Baton Rouge/East Baton Rouge Parish for property damage. Thus, the February 8,

2023 judgment is a partial judgment, which was designated as final, after an express

determination that there is no just reason for delay. However, because the trial court

did not provide reasons for why "there is no just reason for delay," we must make a *de novo* determination of whether the designation was proper. *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So. 2d 1113, 1123.

Historically, our courts have adopted and followed a policy against multiple appeals and piecemeal litigation. *Messinger*, 894 So. 2d at 1122. Louisiana Code of Civil Procedure article 1915 attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. *Florida Gas Transmission Company, LLC v. Texas Brine Company, LLC*, 2022-1036 (La. App. 1 Cir. 4/18/23), 367 So. 3d 91, 96. In considering whether a judgment is properly designated as final pursuant to La. C.C.P. art. 1915(B)(1), a court must take into consideration judicial administrative interests as well as the equities involved. *Florida Gas*, 367 So. 3d at 96. Under *Messinger*, the following list of non-exclusive factors are to be considered in determining whether a partial judgment should be certified as final: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. However, the overriding inquiry is whether there is no just reason for delay. *Messinger*, 894 So. 2d at 1122-23.

Applying these precepts on *de novo* review, we conclude that the February 8, 2023 partial judgment does not meet the requirements of an appealable final judgment under La. C.C.P. art. 1915(B). Because the resolution of Ms. Norwood's claim requires a determination of the liability of City of Baton Rouge/East Baton Rouge Parish, we would be obliged to consider this issue a second time. Therefore,

2

the designation of the February 8, 2023 judgment as final does not meet the *Messinger* requirements.

Therefore, I agree with the majority that proper resolution is to dismiss the appeal for lack of jurisdiction.

# STATE OF LOUISIANA

## COURT OF APPEAL

### FIRST CIRCUIT

### DOCKET NUMBER
### 2023 CA 0657

## SHARELL HORTON AND ANDREA NORWOOD

### VERSUS

### BATON ROUGE POLICE DEPARTMENT, CITY OF
### BATON ROUGE/EAST BATON ROUGE PARISH,
### SAUNDRA W. WATTS, AND STATE FARM
### AUTOMOBILE INSURANCE COMPANY



**GREENE, J., dissenting.**

I respectfully dissent given that I find the February 8, 2023 judgment at issue to be a valid judgment properly before this Court on appeal. As such, this Court should consider the merits of the appeal.

There are four categories of appealable judgments: (1) a final judgment that determines the merits in whole, (2) a partial final judgment that does not require a designation as a final judgment under La. Code Civ. P. art. 1915(A), (3) a partial judgment that has been designated as final under La. Code Civ. P. art. 1915(B), and (4) an interlocutory judgment for which the law expressly provides an appeal. **Burgos v. Evans**, 2020-0326 (La. App. 4 Cir. 12/16/20), 312 So.3d 1145, 1147. Louisiana Code of Civil Procedure article 1841 defines a final judgment as one "that determines the merits in whole or in part" and an interlocutory judgment as one "that does not determine the merits but only preliminary matters in the course of the action."

The February 8, 2023 judgment determines the merits in whole. Specifically, considering only the four corners of the judgment, the judgment indicates the following: 1) the referenced matter proceeded to jury trial between October 24, 2022 through October 26, 2022; 2) counsel for plaintiff, Sharell Horton, and counsel for defendant, City of Baton Rouge/East Baton Rouge Parish, were present; 3) that the defendant "was one hundred percent (100%) at fault in the motor vehicle accident that is the subject of this case," and 4) that judgment was rendered in favor of plaintiff and against the defendant

in the total principal amount of $325,000.00. There is no dispute that the judgment resolves all claims between Mr. Horton and the defendant.[1]

It is of no moment that Andrea Norwood is listed as a plaintiff in the caption, but is not otherwise referenced in the judgment. As this Court has long recognized, there should be but one final judgment in a case and all issues presented by pleadings on which evidence has been offered must be considered as disposed of thereby and when a judgment is silent as to certain demands, they must be considered to be rejected. See **Walker v. Jones**, 230 So.2d 851, 856 (La. App. 1 Cir. 1969). The property damage claim was at issue at trial and evidence of the amount of property damage was placed before the jury. As such, the failure to include that damage award in the judgment could be deemed a rejection of that demand. Alternatively, it is entirely possible that Ms. Norwood's property damage claims were settled or otherwise disposed of, even though no evidence of same appears in the record. However, the failure to reference the property damage claim in the judgment does not transform a final judgment rendered following a three-day jury trial on the merits to a partial final judgment. If such is the case, any judgment rendered following a trial on the merits would have the same fate of the judgment at issue here if there are parties listed in the caption that are not specifically addressed in the judgment itself. Accordingly, I find the judgment is final of its own accord in that it determines the merits in whole, and Louisiana Code of Civil Procedure article 1915 is not applicable herein.

Notwithstanding the foregoing, even if the judgment could qualify as a partial final judgment given that the claims of Ms. Norwood are not addressed in the judgment and remain, the judgment should nonetheless be appealable as a partial final judgment pursuant to La. Code Civ. P. art. 1915. Article 1915 lists the exclusive instances in which partial final judgments are permitted. **Best Fishing, Inc. v. Rancatore**, 96-2254 (La. App. 1 Cir. 12/29/97), 706 So.2d 161, 165 citing **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1241 (La. 1993). Article 1915 divides the

---

[1] Moreover, the judgment contains appropriate decretal language including the name of the party in whose favor the relief is awarded, the name of the party against whom the relief is awarded, and the relief that is awarded. See La. Code Civ. P. art. 1918.

2

resolution of whether a judgment is an authorized partial final judgment into two categories: parties and issues. In multiparty litigation, a judgment which adjudicates the rights and liabilities of one or more, but less than all, of the parties and results in dismissal of one or more of these parties is a partial final judgment authorized under LSA-C.C.P. art. 1915. As such, the judgment is immediately appealable. On the other hand, a judgment which, without dismissing a party, only adjudicates some (but less than all) claims, defenses or issues is a valid partial final judgment, and thus appealable, only if expressly authorized by article 1915. **Id.**

Louisiana Code of Civil Procedure article 1915(A)(1) specifically authorizes appeals of a partial final judgment that "dismisses the suit as to less than all the parties, defendants, third party plaintiffs, third party defendants, and intervenors." While the judgment at issue did not specifically dismiss any claims, it clearly adjudicated all the issues between Mr. Horton and the defendant. Accordingly, even if the judgment could qualify as a partial final judgment, I find that the judgment would be subject to review under Article 1915(A)(1), without need for any certification.

Moreover, if the underlying judgment had been rendered in favor of plaintiff on a motion for summary judgment and resolved all the claims between Mr. Horton and the defendant, there would be no question that the judgment would be subject to this Court's appellate jurisdiction under La. Code Civ. P. art. 1915(A)(3) without any requirement that the judgment be certified under article 1915(B). See **Belhaven Trace Limited Partnership v. Rad-Ton, L.L.C.**, 2017-0725 (La. App. 1 Cir. 12/29/17), 241 So.3d 478, 482 ("While we agree with Mr. Kahoa that the summary judgment at issue does not terminate the entire litigation, it does resolve all claims, causes of action, issues, and defenses between Rad-Ton and Mr. Kahoa, and the summary judgment at issue is a final judgment governed by the provisions of LSA-C.C.P. art. 1915A(3). Consequently, the trial court's certification of the judgment as final [under 1915(B)] for appeal was unnecessary.") Had the substance of the subject judgment in favor of Mr. Horton been rendered via summary judgment rather than via a trial on the merits, this Court would be mandated to review the judgment under its appellate jurisdiction. Hence, *a fortiori,*

this Court's appellate jurisdiction should attach to review such a judgment rendered following a jury trial on the merits.

Even if the judgment is not appealable despite resolving all the claims between Mr. Horton and the defendant nor appealable as a matter of right under the express language of La. Code Civ. P. art. 1915(A), I find the judgment's certification appropriate under La. Code Civ. P. art. 1915(B) in light of the factors set forth in **R.J. Messinger, Inc. v. Rosenblum**, 2004-1664 (La. 3/2/05), 894 So.2d 1113.

Accordingly, finding the judgment to be properly before this Court on appeal, I would address the merits of same rather than dismiss the appeal.

4